| | |
|---|---|
| Jason S. Brookner (TX Bar No. 24033684)<br>Aaron M. Kaufman (TX Bar No. 24060067)<br>Amber M. Carson (TX Bar No. 24075610)<br>**GRAY REED**<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201<br>Telephone:  (214) 954-4135<br>Facsimile:  (214) 953-1332<br>Email:  jbrookner@grayreed.com<br>        akaufman@grayreed.com<br>        acarson@grayreed.com | Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Ross J. Fiedler (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  joshua.sussberg@kirkland.com<br>        ross.fiedler@kirkland.com<br><br>-and-<br><br>Lindsey Blumenthal (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ZIPS CAR WASH, LLC<br><br>Debtor.<br><br>Tax I.D. No. 20-1213045 | ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 25-80069-11 (MVL) |
| In re:<br><br>EXPRESS CAR WASH HOLDINGS, LLC<br><br>Debtor.<br><br>Tax I.D. No. 85-0706223 | ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 25-80070-11 (MVL) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ZIPS OPERATING HOLDINGS, LLC, | ) | Case No. 25-80071-11 (MVL) |
| Debtor. | ) | |
| Tax I.D. No. 47-5582161 | ) | |
| In re: | ) | Chapter 11 |
| ZIPS 3107 N. PLEASANTBURG, LLC, | ) | Case No. 25-80072-11 (MVL) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| ZIPS 2900 WADE HAMPTON, LLC, | ) | Case No. 25-80073-11 (MVL) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| ZIPS 6050 WADE HAMPTON, LLC, | ) | Case No. 25-80074 (MVL) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| ZIPS PORTFOLIO I, LLC, | ) | Case No. 25-80075-11 (MVL) |
| Debtor. | ) | |
| Tax I.D. No. 99-9009999 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS PORTFOLIO II, LLC, | ) | Case No. 25-80076-11 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-1401864 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS PORTFOLIO III, LLC, | ) | Case No. 25-80068-11 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS PORTFOLIO IV, LLC, | ) | Case No. 25-80077-11 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:30 P.M. ON FEBRUARY 7, 2025.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 7, 2025, AT 1:30 P.M. IN ROOM 1421, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 2, DALLAS, TEXAS, 75242.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. THE MEETING CODE IS 2301 476 1957. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[1]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases, and (b) granting related relief. The Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly-administered cases under the case of Zips Car Wash, LLC, and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT<br>
FOR THE NORTHERN DISTRICT OF TEXAS<br>
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069-11 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined herein).

---

[1] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Kevin Nystrom, Chief Transformation Officer of Zips Car Wash, LLC, in Support of Chapter 11 Petitions and First Day Motions* filed contemporaneously herewith (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Zips Car Wash, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of Zips Car Wash, LLC, Case No. 25-80069-11 (MVL); Express Car Wash Holdings, LLC, Case No. 25-80070-11 (MVL); Zips Operating Holdings, LLC, Case No. 25-80071-11 (MVL); Zips 3107 N. Pleasantburg, LLC, Case No. 25-80072-11 (MVL); Zips 2900 Wade Hampton, LLC, Case No. 25-80073-11 (MVL); Zips 6050 Wade Hampton, LLC, Case No. 25-80074 (MVL); Zips Portfolio I, LLC, Case No. 25-80075-11 (MVL); Zips Portfolio II, LLC, Case No. 25-80076-11 (MVL); Zips Portfolio III, LLC, Case No. 25-80068-11 (MVL); and Zips Portfolio IV, LLC, Case No. 25-80077-11 (MVL). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-80069-11 (MVL).**

### Jurisdiction and Venue

4. The United States District Court for the Northern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District Court for the Northern District of Texas dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local

Rules"), and Section B.8(k) of the *Procedures for Complex Cases in the Northern District of Texas* (the "Complex Case Procedures").

7. The Debtors confirm their consent to the entry of a final order by the Court in connection with the motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

8. The Debtors are one of the largest privately owned express car wash operators in the U.S. Founded in 2004 with just two locations in rural Arkansas, the Debtors have grown through a series of strategic acquisitions to more than 260 locations across 23 states. Headquartered in Plano, Texas, the Debtors operate through their Zips, Jet Brite, and Rocket Express brands and serve their customers through two core revenue channels: a traditional pay-per-wash format and Zips Unlimited, the Debtors' flagship monthly subscription program with over 600,000 members.

9. On February 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

6

Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1(a) provides additional authority for the joint administration of these chapter 11 cases:

> When a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case. Motions for joint administration will be assigned for determination to the bankruptcy judge presiding over the first related case filed in this district, regardless of the division in which the case is filed.

N.D. Tex. Bankr. L.R. 1015-1(a).

12. Given the integrated nature of the Debtors' operations, and overlap of assets and liabilities, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors.

14. Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11

7

cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15.  The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in of which the Debtors operate; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) counsel to the Ad Hoc Term Lender Group; (g) the agents for certain prepetition and postpetition lenders of the Debtors; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 5, 2025
Dallas, Texas

/s/ *Jason S. Brookner*
**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:	(214) 954-4135
Facsimile:	(214) 953-1332
Email:	jbrookner@grayreed.com
	akaufman@grayreed.com
	acarson@grayreed.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900
Email:	joshua.sussberg@kirkland.com
	ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile	(312) 862-2200
Email	lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

## **Certificate of Service**

I certify that on February 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC | ) | Case No. 25-80069-11 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1213045 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS CAR WASH HOLDINGS, LLC | ) | Case No. 25-80070-11 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-0706223 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ZIPS OPERATING HOLDINGS, LLC, | ) ) | Case No. 25-80071-11 (MVL) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-5582161 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ZIPS 3107 N. PLEASANTBURG, LLC, | ) ) | Case No. 25-80072-11 (MVL) |
| Debtor. | ) ) ) | |
| Tax I.D. No. N/A | ) ) | |
| In re: | ) ) | Chapter 11 |
| ZIPS 2900 WADE HAMPTON, LLC, | ) ) | Case No. 25-80073-11 (MVL) |
| Debtor. | ) ) ) | |
| Tax I.D. No. N/A | ) ) | |
| In re: | ) ) | Chapter 11 |
| ZIPS 6050 WADE HAMPTON, LLC, | ) ) | Case No. 25-80074 (MVL) |
| Debtor. | ) ) ) | |
| Tax I.D. No. N/A | ) ) | |
| In re: | ) ) | Chapter 11 |
| ZIPS PORTFOLIO I, LLC, | ) ) | Case No. 25-80075-11 (MVL) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 99-9009999 | ) | |

2

| | |
|---|---|
| In re: | Chapter 11 |
| ZIPS PORTFOLIO II, LLC, | Case No. 25-80076-11 (MVL) |
| Debtor. | |
| Tax I.D. No. 85-1401864 | |
| In re: | Chapter 11 |
| ZIPS PORTFOLIO III, LLC, | Case No. 25-80068-11 (MVL) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| ZIPS PORTFOLIO IV, LLC, | Case No. 25-80077-11 (MVL) |
| Debtor. | |
| Tax I.D. No. N/A | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly-administered by the Court under Case No. 25-80069-11 (MVL) (the "<u>Lead Case</u>").

3. All pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, filed in the jointly administered cases shall bear the caption of the Lead Case, as follows:

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) ) ) | Case No. 25-80069-11 (MVL) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. All orders, pleadings, papers, and documents, except proofs of claim, lists, schedules, statements, and operating reports, shall be filed and docketed only in the Lead Case.

6. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than the Lead Case, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of Zips Car Wash, LLC, Case No. 25-80069-11 (MVL); Express Car Wash Holdings, LLC, Case No. 25-80070-11 (MVL); Zips Operating Holdings, LLC, Case No. 25-80071-11 (MVL); Zips 3107 N. Pleasantburg, LLC, Case No. 25-80072-11 (MVL); Zips 2900 Wade Hampton, LLC, Case No. 25-80073-11 (MVL); Zips 6050 Wade Hampton, LLC, Case No. 25-80074 (MVL); Zips Portfolio I, LLC, Case No. 25-80075-11 (MVL); Zips Portfolio II, LLC, Case No. 25-80076-11 (MVL); Zips Portfolio III, LLC, Case No. 25-80068-11 (MVL); and Zips Portfolio IV, LLC, Case No. 25-80077-11 (MVL). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-80069-11 (MVL).**

5

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of any party in interest to seek entry of an order substantively consolidating these cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

9. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###

Submitted by:

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Aaron M. Kaufman (TX Bar No. 24060067) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Amber M. Carson (TX Bar No. 24075610) | Ross J. Fiedler (*pro hac vice* pending) |
| 1601 Elm Street, Suite 4600 | 601 Lexington Avenue |
| Dallas, Texas 75201 | New York, New York 10022 |
| Telephone: (214) 954-4135 | Telephone: (212) 446-4800 |
| Facsimile: (214) 953-1332 | Facsimile: (212) 446-4900 |
| Email: jbrookner@grayreed.com | Email: joshua.sussberg@kirkland.com |
| akaufman@grayreed.com | ross.fiedler@kirkland.com |
| acarson@grayreed.com | |
| | -and- |
| | Lindsey Blumenthal (*pro hac vice* pending) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile (312) 862-2200 |
| | Email lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

7