Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

### DEBTORS' MOTION FOR
### ENTRY OF AN ORDER (I) AUTHORIZING AND
### APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):    (a) authorizing and approving procedures (as described herein, the "Assumption and Rejection Procedures") for rejecting, assuming or assuming and assigning executory contracts and unexpired leases (including any amendments or modifications thereto, each an "Agreement" and collectively, the "Agreements") and (b) granting related relief.  The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Agreement after the effective date of any proposed rejection.

---

[2]    A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Kevin Nystrom, Chief Transformation Officer of Zips Car Wash, LLC, in Support of Chapter 11 Petitions and First Day Motions* filed contemporaneously herewith (the "First Day Declaration").  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

## Jurisdiction and Venue

2.      The United States District Court for the Northern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District Court for the Northern District of Texas dated August 3, 1984.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 362, 363, 365, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6004, 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

5.      The Debtors confirm their consent to the entry of a final order by the Court in connection with the motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

6.      The Debtors are one of the largest privately owned express car wash operators in the U.S.  Founded in 2004 with just two locations in rural Arkansas, the Debtors have grown through a series of strategic acquisitions to more than 260 locations across 23 states. Headquartered in Plano, Texas, the Debtors operate through their Zips, Jet Brite, and Rocket Express brands and serve their customers through two core revenue channels:  a traditional pay-

per-wash format and Zips Unlimited, the Debtors' flagship monthly subscription program with over 600,000 members.

7.      On February 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## The Debtors' Executory Contracts and Unexpired Leases

8.      The Debtors are party to hundreds of Agreements, which include, among other agreements, contracts with vendors for the supply of goods and services, contracts related to the operation of the Debtors' businesses, and leases with respect to real and personal property.  Most of these Agreements may be considered leases of non-residential real property subject to section 365(d)(4) of the Bankruptcy Code. During these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, seek to assume, assume and assign, or reject the Agreements.

9.      As described in the First Day Declaration, the Debtors, with the assistance of their advisors, are in the process of evaluating all of their Agreements to determine whether such Agreements should be (a) rejected, as they are unfavorable to the Debtors or no longer beneficial for business operations, or (b) assumed or assumed and assigned, as they are favorable or otherwise valuable to the Debtors' estates (including those Agreements that the Debtors may assume as amended following consensual negotiations with the applicable counterparties).

10.     Absent the relief requested in this motion, the Debtors would be required to file separate motions to reject or assume Agreements, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—not to mention the attendant burden on the Court's docket.   Accordingly, the Debtors hereby request approval of the Assumption and Rejection Procedures to minimize such costs and burdens.

## The Proposed Rejection Procedures

11.     The Debtors seek entry of the Order authorizing and approving the following procedures with respect to rejection of the Agreements (the "Rejection Procedures"):

a.     ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject an Agreement or Agreements pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Agreement or Agreements to be rejected; (ii) the Debtor or Debtors party to such Agreements; (iii) the names and addresses of the counterparties to such Agreement(s) (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for each Agreement(s) (each, the "Rejection Date"); (v) if any such Agreement is an unexpired lease of non-residential real property, a description of any property to be abandoned at the leased premises, including any personal property, furniture, fixtures, and equipment (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to leased real property, any known third party having an interest in any Abandoned Property located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Agreements; *provided* that the number of Agreements listed on each Rejection Notice shall be limited to no more than one hundred.  Further, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of Agreements, which shall be substantially in the form of Schedule 3 to the Rejection Notice.  No Agreement shall be deemed rejected absent entry of an applicable Rejection Order.

b.     ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Agreement (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the U.S. Trustee for the Northern District of

Texas (the "U.S. Trustee"), Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (B) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (C) the office of the attorney general for each of the states in which the Debtors operate; (D) the United States Attorney's Office for the Northern District of Texas; (E) the Internal Revenue Service; (F) counsel to the Ad Hoc Term Lender Group; (G) the agents for certain prepetition and postpetition lenders of the Debtors; and (H) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.      ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"):  (i) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.: Kevin Nystrom (knystrom@alixpartners.com); (ii) proposed co-counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com), and (c) Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (iii) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (iv) counsel to the Ad Hoc Term Lender Group, (a) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, TX 75201, Attn: Charles M. Persons (charlespersons@paulhastings.com), (b) Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, CA 90071, Attn: Justin E. Rawlins (justinrawlins@paulhastings.com), and (c) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Robert Nussbaum (robertnussbaum@paulhastings.com), and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (v) any statutory committee appointed in these chapter 11 cases.

d.      ***No Objection Timely Filed***.  If no objection to the rejection of any Agreement is timely filed, then the Debtors shall submit a proposed Rejection Order approving the rejection of each Agreement listed in the

---

[3]    An objection to the rejection of any particular Agreement listed on a Rejection Notice shall not constitute an objection to the rejection of any other Agreement listed on such Rejection Notice.

applicable Rejection Notice, for entry by the Court under a certificate of no objection and, if the Rejection Order is entered, each such Agreement shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Agreement(s) shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Agreement from the schedule to a Rejection Notice at any time prior to entry of a Rejection Order.

g.    ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.    ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Agreement.  The Debtors shall generally describe the Abandoned Property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all Abandoned Property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is

7

deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or counterparties may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

i.   ***Proofs of Claim***.  Claims arising out of the rejection of Agreements, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases and (ii) thirty days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Agreement.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

## The Proposed Assumption Procedures

12.   The Debtors seek entry of the Order authorizing and approving the following assumption procedures with respect to the Agreements (the "Assumption Procedures" and together with the Rejection Procedures, the "Assumption and Rejection Procedures"):

a.   ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume an Agreement or Agreements pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Agreement or Agreements to be assumed; (ii) the Debtor or Debtors party to such Agreements; (iii) the names and addresses of the counterparties to such Agreements (each an "Assumption Counterparty"); (iv) the identity of the proposed assignee of such Agreements (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Agreement (the "Assumption Date"); (vi) the proposed cure amount, if any, for each such Agreement; (vii) a description of any material amendments to the Agreement made outside of the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Agreements, which shall be substantially in the form of Schedule 3 to the Assumption Notice.  No Agreement shall be deemed assumed absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice

provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties. To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[4]

c.      ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of an Agreement must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.      ***No Objection***.  If no objection to the assumption of any Agreement is timely filed, the Debtors shall submit a proposed Assumption Order approving the assumption of each Agreement listed in the applicable Assumption Notice, for entry by the Court under a certificate of no objection, and, if the Assumption Order is entered, each such Agreement shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Agreement and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.      ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Agreement shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other

---

[4]   The Debtors shall serve (by electronic mail, if requested) a counterparty to an Agreement other than a lease of non-residential real property to be assumed under the Assumption and Rejection Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]   An objection to the assumption of any particular Agreement listed on an Assumption Notice shall not constitute an objection to the assumption of any other Agreement listed on such Assumption Notice.

date to which the Debtors and the counterparty to such Agreement have agreed, or as ordered by the Court.

  f.  ***Removal from Schedule***.  The Debtors reserve the right to remove any Agreement from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

  13.  In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Agreement pursuant to the Assumption Procedures (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Agreement(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Agreement(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable

Agreements.[6]  For the avoidance of doubt, all provisions of the applicable assigned Agreement,

including any provision limiting assignment, shall be binding on the applicable Assignee.

**Basis for Relief Requested**

**I.      The Assumption and Rejection Procedures are in the Best Interests of the Debtors'
         Estates**

14.      Given the large number of Agreements to which the Debtors are a party,

establishing the Assumption and Rejection Procedures will streamline the administration of these

chapter 11 cases and enhance the efficiency of the chapter 11 process by eliminating substantial

legal expenses that would otherwise be incurred if multiple hearings were held on separate motions

with respect to every Agreement that the Debtors seek to assume or reject.  The Assumption and

Rejection Procedures are reasonable and fair to Agreement counterparties because they afford

parties in interest the opportunity to be heard with respect to the rejection, assumption, or

assumption and assignment of the Agreements (and any amendments to Agreements or

abandonment of property related thereto).

**II.     Rejection, Assumption, Assignment, and Amendment of the Agreements is an
         Exercise of the Debtors' Business Judgment**

15.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may assume or reject any executory contract or unexpired lease

of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or

unexpired lease is a matter within the "business judgment" of the debtor.  *See, e.g.*, *Stewart Title

Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996);

*In re TransAmerica Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987) (holding that the

---

6      Certain of the Agreements may contain provisions that restrict, prohibit, condition, or limit the assumption and/or
       assignment of such Agreement.  The Debtors reserve all rights with respect to the enforceability of such
       provisions.

rejection power of section 365(a) is meant to relieve "the debtor of burdensome contracts in the exercise of its business judgment"); *In re Senior Care Cts, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard.").  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert, denied*, 475 U.S. 1057 (1986).

16.    The Court may also authorize the Assumption and Rejection Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the debtor's stakeholders.

17.    Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate.  *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (holding that court approval of a debtor's decision to assume a lease should only be withheld if the debtor's judgment is clearly erroneous or speculative); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 426 (Bankr. N.D. Tex. 2009) ("The court must ensure the decision-making process used by a debtor in possession in exercising its powers under the [Bankruptcy] Code is a sensible one.").

18.    Further, as with the assumption or rejection of an executory contract or an unexpired lease under section 365 of the Bankruptcy Code, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action.  *See Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (adopting the "sound business judgment" test of *Lionel Corp.* and requiring "some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); *see also In re 9 Houston LLC*, 578 B.R. 600, 610 (Bankr. S.D. Tex. 2017) (holding that, once a debtor has made a decision, it is protected by the business judgment rule).

19.    The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Agreements in accordance with the Assumption and Rejection Procedures proposed herein is and will be in the best interest of the Debtors' estates.  Further, the Assumption and Rejection Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing were held for every motion seeking the rejection, assumption, or assumption and assignment of Agreements.  The Debtors submit that the information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment.  Accordingly, the Court should approve the Assumption and Rejection Procedures.

### III.    The Assignment of Agreements Should be Approved Free and Clear of Interests

20.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits a

free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f).

21.     Executory contracts and unexpired leases are property of a debtor's estate. To the extent the Debtors assume and assign an Agreement pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property, and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied. The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code. If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the objection; if such objection is overruled or withdrawn, the Agreement(s) in question shall be assumed. The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of an Agreement free and clear of liens, claims, encumbrances, and other interests.

## IV.     Abandonment by the Debtors of Personal Property is Proper under Section 554(a)

22.     With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before authorizing abandonment of property, a bankruptcy court must find that either: (a) the property is burdensome to the estate or (b) the property is both of

14

inconsequential value and inconsequential benefit to the estate.  *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 3157567, at *2 (Bankr. S.D. Tex. June 19, 2013); *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009).

23.    The personal property proposed to be abandoned in connection with any future rejections of Agreements that are real property leases would primarily consist of fixtures, furniture, and other equipment that is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale or their value to the Debtors in any other context.

**V.     The Assumption and Rejection Procedures Satisfy Due Process**

24.    The counterparties to the Agreements will not be prejudiced by the Assumption and Rejection Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Agreement as of the effective date of such assumption or rejection. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 512 (5th Cir. 2000) (finding that the requirements of the Bankruptcy Code "provide necessary safeguards to parties forced to maintain contractual relationships with a reorganizing debtor"); *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d

1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding

debtor may reject executory contract by clearly communicating intention to reject).

25.     Additionally, in the case of unexpired leases of nonresidential real property, the

Debtors may vacate the premises before or upon serving the Rejection Notice, thereby allowing

the counterparties to take possession of and relet the property promptly.  *See, e.g.*, *Adelphia Bus.*

*Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding that the bankruptcy court

did not abuse its discretion in finding balance of equities favored making rejection of a

nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action

provided landlord with opportunity to relet premises); *In re Cafeteria Operators, L.P.*, 299

B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where

debtors were "receiving no benefit" from the lease and the contract counterparties "had

unequivocal notice of Debtors' intent to reject [the contracts]"); *In re O'Neil Theatres, Inc.*, 257

B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of

the case); *In re Amber's Stores*, *Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that

lease at issue should be deemed rejected as of the petition date due to equities of the case where

debtor turned over keys, vacated premises, and served motion to reject lease as soon as possible).

26.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory

contract or unexpired lease . . . is governed by Rule 9014."   Fed. R. Bankr. P. 6006(a).

Bankruptcy Rule 9014 provides that:  "[i]n a contested matter . . . , not otherwise governed by

these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing

shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The notice

and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if

appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*.

*See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

27.    Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature.  A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

i.      state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

ii.     list parties alphabetically and identify the corresponding contract or lease;

iii.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

iv.     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

v.      be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

vi.     be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

28.    The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Agreements while conserving estate resources. Counterparties must be able to locate their Agreements and readily determine whether their Agreements are being assumed or rejected.

29.     The Assumption and Rejection Procedures satisfy Bankruptcy Rule 6006(f), including the one hundred-contract or lease limit set forth in subsection (vi) thereof.  Further, given the number of Agreements the Debtors may be seeking to assume or reject, obtaining Court approval of each assumption or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption.

30.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

31.     As a result, the Assumption and Rejection Procedures afford counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Assumption and Rejection Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Agreements consistent with the terms of such procedures.

32.     In sum, the Assumption and Rejection Procedures will minimize costs to the Debtors' estates and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  Moreover, the Debtors have determined that the Assumption and Rejection Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

## **Reservation of Rights**

33.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or

deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## **Notice**

34.    The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) counsel to the Ad Hoc Term Lender Group; (g) the agents for certain prepetition and postpetition lenders of the Debtors; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the

form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such

other relief as the Court deems appropriate under the circumstances.

Dated:  February 5, 2025
Dallas, Texas

*/s/Jason S. Brookner*

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Aaron M. Kaufman (TX Bar No. 24060067) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Amber M. Carson (TX Bar No. 24075610) | Ross J. Fiedler (*pro hac vice* pending) |
| 1601 Elm Street, Suite 4600 | 601 Lexington Avenue |
| Dallas, Texas 75201 | New York, New York 10022 |

GRAY REED
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## **Certificate of Service**

I certify that on February 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

## <u>Exhibit A</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING AND APPROVING**
**PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for entry of an order (this "Order"), (a) authorizing and approving

the Assumption and Rejection Procedures for rejecting, assuming, or assuming and assigning

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

executory contracts and unexpired leases (including any amendments or modifications thereto),

and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and the United States District Court for the Northern District of Texas having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under

28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate and no other notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The following Rejection Procedures are approved in connection with rejecting
    Agreements:

    a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form
        attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the
        Debtors' intent to reject an Agreement or Agreements pursuant to section
        365 of the Bankruptcy Code, which Rejection Notice shall set forth, among
        other things:  (i) the Agreement or Agreements to be rejected; (ii) the Debtor
        or Debtors party to such Agreements; (iii) the names and addresses of the
        counterparties to such Agreement(s) (each a "Rejection Counterparty");
        (iv) the proposed effective date of rejection for each Agreement(s) (each,
        the "Rejection Date"); (v) if any such Agreement is an unexpired lease of
        non-residential real property, a description of any property to be abandoned
        at the leased premises, including any personal property, furniture, fixtures,

2

and equipment (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to leased real property, any known third party having an interest in any Abandoned Property located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Agreements; *provided* that the number of Agreements listed on each Rejection Notice shall be limited to no more than one hundred.  Further, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of Agreements, which shall be substantially in the form of <u>Schedule 3</u> to the Rejection Notice.  No Agreement shall be deemed rejected absent entry of an applicable Rejection Order.

b.     ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Agreement (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the U.S. Trustee, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (B) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (C) the office of the attorney general for each of the states in which the Debtors operate; (D) the United States Attorney's Office for the Northern District of Texas; (E) the Internal Revenue Service; (F) counsel to the Ad Hoc Term Lender Group; (G) the agents for certain prepetition and postpetition lenders of the Debtors; and (H) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Master Notice Parties</u>").

c.     ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date the Debtors file and serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>") and promptly serve such objection on the following parties (collectively, the "<u>Objection Service Parties</u>"):  (i) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.: Kevin Nystrom (knystrom@alixpartners.com); (ii) proposed co-counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com), and (c) Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman

---

[3]   An objection to the rejection of any particular Agreement listed on a Rejection Notice shall not constitute an objection to the rejection of any other Agreement listed on such Rejection Notice.

3

(akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (iii) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (iv) counsel to the Ad Hoc Term Lender Group, (a) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, TX 75201, Attn: Charles M. Persons (charlespersons@paulhastings.com), (b) Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, CA 90071, Attn: Justin E. Rawlins (justinrawlins@paulhastings.com), and (c) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Robert Nussbaum (robertnussbaum@paulhastings.com), and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (v) any statutory committee appointed in these chapter 11 cases.

d.   ***No Objection Timely Filed***.   If no objection to the rejection of any Agreement is timely filed, then the Debtors shall submit a proposed Rejection Order approving the rejection of each Agreement listed in the applicable Rejection Notice, for entry by the Court under a certificate of no objection and, if the Rejection Order is entered, each such Agreement shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objections***.   If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.   If such objection is overruled or withdrawn, such Agreement(s) shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***.   The Debtors reserve the right to remove any Agreement from the schedule to a Rejection Notice at any time prior to entry of a Rejection Order.

g.   ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Agreement.  The Debtors shall generally describe the Abandoned Property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all Abandoned Property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or counterparties may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

i.   ***Proofs of Claim***.  Claims arising out of the rejection of Agreements, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases and (ii) thirty days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Agreement.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.   The following Assumption Procedures are approved in connection with assuming and assuming and assigning Agreements:

a.   ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume an Agreement or Agreements pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Agreement or Agreements to be assumed; (ii) the Debtor or Debtors party to such Agreements; (iii) the names and addresses of the counterparties to such Agreements (each an "Assumption Counterparty"); (iv) the identity of the proposed assignee of such Agreements (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Agreement (the "Assumption Date"); (vi) the proposed cure amount, if any, for each such Agreement; (vii) a description of any material amendments to the Agreement made outside of the ordinary course of

business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Agreements, which shall be substantially in the form of Schedule 3 to the Assumption Notice.  No Agreement shall be deemed assumed absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[4]

c.   ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of an Agreement must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.   ***No Objection***.  If no objection to the assumption of any Agreement is timely filed, the Debtors shall submit a proposed Assumption Order approving the assumption of each Agreement listed in the applicable Assumption Notice, for entry by the Court under a certificate of no objection, and, if the Assumption Order is entered, each such Agreement shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Agreement and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of

---

[4]   The Debtors shall serve (by electronic mail, if requested) a counterparty to an Agreement other than a lease of non-residential real property to be assumed under the Assumption and Rejection Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]   An objection to the assumption of any particular Agreement listed on an Assumption Notice shall not constitute an objection to the assumption of any other Agreement listed on such Assumption Notice.

nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.   ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Agreement shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Agreement have agreed, or as ordered by the Court.

f.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Agreement from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.   Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

5.   With regard to Agreements to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Agreement shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and

7

whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Agreement(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Agreement(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Agreements.[6]  For the avoidance of doubt, all provisions of the applicable assigned Agreement, including any provision limiting assignment, shall be binding on the applicable Assignee.

6.     Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Agreement, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Agreements, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Agreements except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Agreement.

---

[6]     Certain of the Agreements may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Agreement.  The Debtors reserve all rights with respect to the enforceability of such provisions.

7.      The Debtors' right to assert that any provisions in the Agreement that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Agreement to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Agreements arising, accruing, or relating to a period prior to the applicable closing date.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

10.     Approval of the Assumption and Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume an Agreement by separate motion.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order shall be deemed: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a concession

9

by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an Agreement rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Agreement is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notice of the rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## Exhibit 1

**Proposed Rejection Notice**

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:      jbrookner@grayreed.com
             akaufman@grayreed.com
             acarson@grayreed.com

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:      joshua.sussberg@kirkland.com
             ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:      lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re:  Docket No. __** |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2025 the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Agreement set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Agreement agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Agreements must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (a) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.: Kevin Nystrom (knystrom@alixpartners.com); (b) proposed co-counsel to the Debtors (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal

---

2    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

(lindsey.blumenthal@kirkland.com), and (iii) Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (c) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (d) counsel to the Ad Hoc Term Lender Group,(i) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, Texas 75201, Attn: Charles M. Persons (charlespersons@paulhastings.com),(ii) Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, California 90071, Attn: Justin E. Rawlins (justinrawlins@paulhastings.com), and (iii) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 Attn: Robert Nussbaum (robertnussbaum@paulhastings.com) and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (e) any statutory committee appointed in these chapter 11 cases. Only those responses that are timely filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the Debtors shall seek entry of the proposed form of order attached hereto as **Schedule 3**, and the rejection of each Agreement shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Agreement agree.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Agreement is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a

---

[3] An objection to the rejection of any particular Agreement listed in this Rejection Notice shall not constitute an objection to the rejection of any other Agreement or lease listed in this Rejection Notice. Any objection to the rejection of any particular Agreement listed in this Rejection Notice must state with specificity the Agreement to which it is directed. For each particular Agreement whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

hearing to consider the objection for the Agreement or Agreements to which such objection relates. If such objection is overruled or withdrawn, such Agreement or Agreements shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Agreement agree.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, the counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Agreements otherwise agree.

 **PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

 **PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Agreement or Agreements, you must do so by the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) thirty days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Agreement.   IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  [●], 2025
Dallas, Texas

*/s/Draft*
_____

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:      (214) 954-4135
Facsimile:      (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile       (312) 862-2200
Email           lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## Schedule 1

### Procedures Order

## Schedule 2

**Rejected Agreements**

| Debtor Counterparty | Rejection Counterparty | Description of Agreement[1] | Abandoned Property | Rejection Date |
|---|---|---|---|---|
| | | | | |

---

[1] The inclusion of an Agreement on this list does not constitute an admission as to the executory or non-executory nature of the Agreement, or as to the existence or validity of any claims held by the counterparty or counterparties to such Agreement.

## **Schedule 3**

**Proposed Agreement Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO REJECT**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures*

*to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief*

[Docket No. [●]] (the "<u>Procedures Order</u>")[2] entered in the chapter 11 cases of the above-captioned

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Agreement[s] set forth in **Exhibit 1** attached hereto [is/are] hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, that if any such Agreement is an unexpired lease of non-residential real property, the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (1) turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with

email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2.      Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  The applicable Agreement counterparty or counterparties may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.      Nothing in this order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's, first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

4.      If any affected Rejection Counterparty to an Agreement asserts a claim against the Debtors arising from the rejection of the Agreement, the Rejection Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (A) the Rejection Date, and (B) the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall be

5

forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

5.     Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), shall be deemed:  (a) an admission as to the amount, validity or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the rejection of the Agreement[s] set forth in **Exhibit 1**; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an Agreement rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Agreement is terminated and is no longer an executory contract or unexpired lease, respectively.

7.     Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:         jbrookner@grayreed.com
               akaufman@grayreed.com
               acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**<u>Exhibit 2</u>**

**Proposed Assumption Notice**

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) |
| | ) Case No. 25-80069 (MVL) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. __** |

**NOTICE OF ASSUMPTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2025 the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Agreement set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Agreement agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Agreement, which may be evidenced upon written request by the counterparty to the Agreement,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

---

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

[3]   To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]   The Debtors shall serve the counterparty to the Agreement with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Agreements must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:  (a) the Debtors, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.:  Kevin Nystrom (knystrom@alixpartners.com); (b) proposed co-counsel to the Debtors (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com), and (iii) Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (c) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (d) counsel to the Ad Hoc Term Lender Group,(i) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, Texas 75201, Attn:  Charles M. Persons (charlespersons@paulhastings.com), (ii)Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, California 90071, Attn:  Justin E.  Rawlins (justinrawlins@paulhastings.com), and (iii) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 Attn: Robert Nussbaum (robertnussbaum@paulhastings.com) and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (e) any statutory committee appointed in these chapter 11 cases.  Only those responses that are timely filed, served, and received will be considered at any hearing.

3

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the Debtors shall seek entry of the proposed form of order attached hereto as **Schedule 3**, the assumption or assumption and assignment of each Agreement shall become effective on the applicable Assumption Date set forth in **Schedule 2** attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Agreement agree.[5]

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under the Agreement is set forth in **Schedule 2** attached hereto.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

PLEASE TAKE FURTHER NOTICE that, if an objection to the assumption or assumption and assignment of any Agreement is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Agreement or Agreements to which such objection relates.  If such objection is overruled or withdrawn, such Agreement or Agreements shall be assumed or assumed and assigned as of the Assumption Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Agreement agree.

---

[5]   An objection to the assumption and/or assignment of any particular Agreement or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption and/or assignment of any particular Agreement or cure amount listed in this Assumption Notice must state with specificity the Agreement to which it is directed.  For each particular Agreement whose assumption and/or assignment is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

Dated:  [●], 2025
Dallas, Texas

*/s/Draft*

**GRAY REED**                                          **KIRKLAND & ELLIS LLP**
Jason S. Brookner (TX Bar No. 24033684)               **KIRKLAND & ELLIS INTERNATIONAL LLP**
Aaron M. Kaufman (TX Bar No. 24060067)                Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Amber M. Carson (TX Bar No. 24075610)                 Ross J. Fiedler (*pro hac vice* pending)
1601 Elm Street, Suite 4600                           601 Lexington Avenue
Dallas, Texas 75201                                   New York, New York 10022
Telephone:    (214) 954-4135                          Telephone:    (212) 446-4800
Facsimile:    (214) 953-1332                          Facsimile:    (212) 446-4900
Email:        jbrookner@grayreed.com                  Email:        joshua.sussberg@kirkland.com
              akaufman@grayreed.com                                 ross.fiedler@kirkland.com
              acarson@grayreed.com
                                                      -and-

                                                      Lindsey Blumenthal (*pro hac vice* pending)
                                                      333 West Wolf Point Plaza
                                                      Chicago, Illinois 60654
                                                      Telephone:    (312) 862-2000
                                                      Facsimile     (312) 862-2200
                                                      Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*                 *Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*                           *and Debtors in Possession*

## **Schedule 1**

**Procedures Order**

## Schedule 2

### Assumed Agreements

| Debtor Counterparty | Assumption Counterparty | Description of Agreement[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
| | | | | |

---

[1] The inclusion of an Agreement on this list does not constitute an admission as to the executory or non-executory nature of the Agreement, or as to the existence or validity of any claims held by the counterparty or counterparties to such Agreement.

## <u>Schedule 3</u>

**Proposed Agreement Rejection Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO ASSUME
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. [●]] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

debtors and debtors in possession (collectively, the "<u>Debtors</u>"); and it appearing that the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "<u>Assumption Notice</u>") satisfies the requirements set forth in the Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Agreement[s] set forth in **<u>Exhibit 1</u>** attached hereto [is/are] assumed effective as of the Assumption Date [and assigned to the counterparty listed on **<u>Exhibit 1</u>**, as applicable]. The assumption of the Agreement[s] set forth in **<u>Exhibit 1</u>** [is/are] subject to the Debtors' paying the cure amounts, if any, set forth in **<u>Exhibit 1</u>**, to the Agreement counterparty in a manner consistent with the terms of the applicable agreement (a) if the cure amount is undisputed, promptly after the entry of this Order or (b) if the cure amount is disputed, the earlier of (i) the date on which the Debtors and Agreement counterparty agree to a cure amount or (ii) the date specified in a final and non-appealable order entered by this Court following a hearing determining such cure amount

2

scheduled with notice to the objecting Agreement counterparty.  Upon satisfaction of the cure amount, each Agreement counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other interests with respect to its Agreement that arose, accrued, or came due on or before the Assumption Date.

2.    With regard to Agreement[s]to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Agreement shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Agreement(s), or (B) in respect of any taxes), and (b) constitute a legal, valid, and effective transfer of such Agreements and vest the applicable Assignee with all rights, titles, and interests to the applicable Agreements.  For the avoidance of doubt, all provisions of the applicable assigned Agreement, including any provision limiting assignment, shall be binding on the applicable Assignee.

3.    Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Agreement, the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Agreements, with any applicable Assignee being responsible only for the post-closing

3

liabilities under the applicable Agreements except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Agreement.

4.      The Debtors' right to assert that any provisions in the Agreement that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Agreement to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of any counterparty to object to such assertion.

5.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Agreements arising, accruing, or relating to a period prior to the applicable closing date.

6.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments to any assumed Agreements, if applicable.

7.      Nothing contained in the Assumption Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), shall be deemed:  (a) an admission as to the amount, validity or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the assumption and/or assignment of the Agreement[s] set forth in **Exhibit 1**; (f) an admission as to the validity, priority, enforceability or perfection of any lien

4

on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver

or limitation of any claims, causes of action or other rights of the Debtors or any other party in

interest against any person or entity under the Bankruptcy Code or any other applicable law.

8.      Notice of the Assumption Notice as provided therein shall be deemed good and

sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and

the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order.

11.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                acarson@grayreed.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile      (312) 862-2200
Email          lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*