Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
             akaufman@grayreed.com
             acarson@grayreed.com

*Proposed Co-Counsel for the Debtors and
Debtors in Possession*

Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       joshua.sussberg@kirkland.com
             ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors
in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

### DEBTORS' OMNIBUS MOTION FOR
### ENTRY OF AN ORDER (I) AUTHORIZING
### THE REJECTION OF CERTAIN UNEXPIRED LEASES AND
### EXECUTORY CONTRACTS, (II) AUTHORIZING ABANDONMENT
### OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE AS OF
### THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF

---

> **PARTIES RECEIVING THIS FIRST OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND AGREEMENTS IN THE SCHEDULE ATTACHED AS EXHIBIT 1 TO EXHIBIT A TO THIS MOTION.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the rejection of certain unexpired leases (each, a "Lease," and collectively, the "Leases") for nonresidential real property located at the premises (collectively, the "Premises") and certain executory contracts (each, a "Contract," and collectively, the "Contracts," and collectively with the Leases, the "Agreements") all as set forth on Exhibit 1 to the Order; (b) authorizing the abandonment of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises,

---

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Kevin Nystrom, Chief Transformation Officer of Zips Car Wash, LLC, in Support of Chapter 11 Petitions and First Day Motions* filed contemporaneously herewith (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

each effective as of the later of (x) the rejection date listed on Exhibit 1 to the Order and (y) solely

with respect to the Leases, the date the Debtors have surrendered the premises to the landlord via

delivery of the keys, key codes, or alarm codes to the Premises, as applicable, to the applicable

lease counterparty, or, if not delivering such keys or codes, providing notice that the landlord may

re-let the Premises (the "Rejection Date"); and (c) granting related relief.

### Jurisdiction and Venue

2.      The United States District Court for the Northern District of Texas has jurisdiction

over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157 and the *Order

of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District

Court for the Northern District of Texas dated August 3, 1984.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002,

6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and rules 2002-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court

for the Northern District of Texas (the "Local Rules").

5.      The Debtors confirm their consent to the entry of a final order by the Court in

connection with the motion in the event that it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

## Background

6.      The Debtors are one of the largest privately owned express car wash operators in the U.S.  Founded in 2004 with just two locations in rural Arkansas, the Debtors have grown through a series of strategic acquisitions to more than 260 locations across 23 states. Headquartered in Plano, Texas, the Debtors operate through their Zips, Jet Brite, and Rocket Express brands and serve their customers through two core revenue channels:  a traditional pay-per-wash format and Zips Unlimited, the Debtors' flagship monthly subscription program with over 600,000 members.

7.      On February 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## The Debtors' Unexpired Leases

8.      As set forth in more detail in the First Day Declaration, the Debtors' businesses have been acutely impacted by a confluence of financial and operational headwinds, including record level rises in interest rates and inflation as well as industry competition.  These challenges have accelerated the need for Zips to reassess its go-forward business model.  In particular, the Company's real estate portfolio remains burdened by sites with off-market lease terms or faltering financial performance, requiring the Company to either restructure the leases or exit sites entirely.

4

9.      In the months preceding the filing of these cases, the Company, with the assistance of its advisors, developed a revised business plan strategy focused on: (a) right-sizing the site portfolio to ensure unprofitable locations close and/or benefit from restructured lease obligations; (b) improving performance in markets with high density to maintain competitive advantage over other operators; and (c) enhancing the operating model to drive cost efficiencies and customer engagement.  As part of this strategy, the Company, with the assistance of AlixPartners and Hilco, completed a lease rationalization analysis and business plan that projected the performance of each car wash site.  The Company's footprint assessment identified (a) a series of sites for immediate closure and (b) certain sites with off-market lease terms.  And in the two months leading up to the Petition Date, Hilco commenced outreach to the Company's landlords to initiate discussions around a renegotiation of leases.  Those discussions remain ongoing.

10.      After carefully examining their lease portfolio, the Debtors determined that certain locations do not have a place in the Debtors' go-forward business plan.  Accordingly, the Debtors file this motion seeking authority to reject the Leases listed on Exhibit 1 to the Order as of the applicable Rejection Date. [3]  For certain of these sites, the Debtors have vacated or are in the process of shutting down operations at the Premises in the immediate near-term.  For many others, the Company remains hopeful that these locations will still have a place in the Zips portfolio post emergence.    It is, however, untenable to retain these locations in their current form.  Overburdensome occupancy costs have significantly impaired four-wall profitability.  Absent relief from the Company's landlord counterparties, the Company will be forced to close operations at these locations.

---

[3]      The Debtors reserve the right to remove any Agreement from Exhibit 1 to the Order at any time prior to the hearing at which this motion is heard.

11.     Any lease with a Rejection Date as of the Petition Date relates to a location at which the Debtors are no longer conducting business as of the Petition Date.  The Debtors have vacated the Premises, removed all of the personal property that they intend to remove, notified lessors of personal property at the Premises covered by the Lease to retrieve their leased personal property, and delivered possession of the Premises to the landlord.  Accordingly, the Debtors no longer have possession of this Premises and disclaim any interest they may have in the personal property at the location.  Absent rejection, the Debtors would be obligated to pay rent even though they have ceased operations and derive no benefit from continued possession and occupancy of the Premises.

12.     The remaining Leases with Rejection Dates after the Petition Date relate to financially burdensome locations where the Debtors are in the process of shutting down operations and vacating the corresponding Premises but continue to occupy the Premises as of the Petition Date.  Absent constructive discussions with landlord counterparties, no later than the applicable proposed Rejection Date, the Debtors will have vacated the corresponding Premises, removed all of the personal property that they intend to remove, notified lessors of personal property at these Premises to retrieve their leased personal property, and delivered possession of the corresponding Premises to the respective landlords.

13.     The Debtors have determined in their business judgment that the costs associated with the Leases constitute a wasteful drain of estate assets.  Additionally, the Debtors have similarly determined that the carrying costs of the Leases exceed any marginal benefits that could potentially be achieved from assignments or subleases thereof.  Accordingly, by this motion, the Debtors seek to reject the Leases set forth on Exhibit 1 to the Order attached hereto effective as of the applicable Rejection Date, but reserve all rights to remove any Leases from Exhibit 1 to the Order in advance of any hearing on rejection of such Leases.

**Personal Property to Be Abandoned**

14.    The Debtors also evaluated the Personal Property located at the Premises and determined that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates, especially if postpetition rent with respect to such location would need to be paid.  Further, the Debtors' use of much of the Personal Property was for location-specific purposes.  Since the Debtors have ceased or plan to cease operations at the Premises, the Personal Property is no longer necessary for the administration of the Debtors' estates.  The Personal Property generally includes items such as office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage.  Where possible, the Debtors have removed valuable Personal Property that can be utilized at other locations or potentially sold.

15.    Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors' abandonment of the Personal Property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**Contracts to Be Rejected**

16.    After carefully examining their Contract portfolio, the Debtors determined that their restructuring efforts would be best served by the rejection of the Contracts listed on Exhibit 1 to the Order.  The Contracts to be rejected are for goods or services that are no longer required by the Debtors to operate their businesses, provide no benefit to the Debtors' estates or these chapter 11 cases, or have unfavorable terms with associated costs.  Absent rejection, the Debtors may be obligated to pay postpetition charges under Contracts that they are no longer utilizing.  The Debtors have determined in their business judgement that such charges constitute a wasteful drain of estate assets.  Additionally, the Debtors have similarly determined that the carrying costs of the Contracts

exceed any marginal benefits that could potentially be achieved from assignments thereof. Accordingly, by this motion, the Debtors seek to reject the Contracts set forth on <u>Exhibit 1</u> to the Order attached hereto effective as of the applicable Rejection Date.

<b><u>Basis for Requested Relief</u></b>

**I.     The Rejection of the Agreements is in the Best Interest of the Debtors' Estates.**

17.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.  11 U.S.C. § 365(a).  Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment."  *See, e.g.*, *In re Senior Care Ctrs., LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard."); *In re TM Vill., Ltd.*, No. 18-32770, 2019 WL 1004571, at *10 (Bankr. N.D. Tex. Feb. 28, 2019) ("A debtor must 'satisfy [his] fiduciary duty to ... creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business.'") (citation omitted); *In re TransAmerican Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987); *see also Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected… is one of business judgment'") (citation omitted).

18.     The Agreements are not a source of potential value for the Debtors' estates or stakeholders.  The Agreements are no longer being used by the Debtors or provide no benefit to the Debtors' estates or these chapter 11 cases.  The Debtors have determined in their business judgment that continued payments in respect of the Agreements would unnecessarily drain estate assets and that the carrying costs of the Agreements exceed any marginal benefits that could potentially be achieved from assignments thereof.  The Debtors' determination to reject the

8

Agreements effective as of the Rejection Date reflects an exercise of sound business judgment and should be approved accordingly.

## II.    Retroactive Effective Relief May Be Sought Where Appropriate.

19.    Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard.  *See, e.g., In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Nov. 7, 2016) (approving procedures to reject or assume executory contracts and unexpired leases); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Aug. 24, 2016) (same); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

20.    Here, the balance of equities favors rejection of the Agreements effective as of each applicable Rejection Date.  For certain Agreements, without a retroactive date of rejection, the Debtors could be forced to incur unnecessary administrative expenses related to such Agreements

that provide no benefit to the Debtors' estates.  *See* 11 U.S.C. § 365(d)(3).  The counterparties,

however, will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date.

Contemporaneously with the filing of this motion, the Debtors will cause notice of this motion to

be served on the applicable landlords and contract counterparties, thereby allowing each party an

opportunity to respond accordingly.  The Debtors have sought the relief requested at the earliest

possible moment in these chapter 11 cases and do not seek to reject the Agreements effective as

of the Rejection Date due to any undue delay on their own part.

21.     Accordingly, the Debtors respectfully submit that the Court should deem the

Agreements identified on Exhibit 1 annexed to the Order rejected effective as of the Rejection

Date.

**III.    Abandonment of Personal Property is in the Best Interest of the Debtors' Estates.**

22.     Further, the abandonment of the Personal Property is appropriate and authorized by

the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) of the Bankruptcy Code provides

that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is

burdensome to the estate or that is of inconsequential value and benefit to the estate."  *Id.*  Courts

generally give a debtor in possession great deference to its decision to abandon property.  *See*, *e.g.*,

*In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should

give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to

the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate,

a court should approve the abandonment.  *Id.*

23.     The Debtors have determined that the costs of moving and storing the Personal

Property would outweigh any benefit to the Debtors' estates.  Further, any efforts by the Debtors

to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the

Premises and the rejection of the Leases, thus potentially adding postpetition rent to the cost-benefit calculation. Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon the Personal Property located on the Premises.

### **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

24.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **Reservation of Rights**

25.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the rejection of the Agreements; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11

**Notice**

26.       The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the Office of the United States Trustee for the Northern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the counterparties to the Agreements; (g) counsel to the Ad Hoc Term Lender Group; (h) the agents for certain prepetition and postpetition lenders of the Debtors; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  February 6, 2025
Dallas, Texas

*/s/ Jason S. Brookner*

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

4856-2601-4930

## **Certificate of Service**

I certify that on February 6, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jason S. Brookner*

Jason S. Brookner

**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING
THE REJECTION OF CERTAIN
UNEXPIRED LEASES AND EXECUTORY
CONTRACTS, (II) AUTHORIZING THE ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE
AS OF THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the rejection of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(i) certain unexpired leases (each, a "<u>Lease</u>," and collectively, the "<u>Leases</u>") for nonresidential real property located at the premises (collectively, the "<u>Premises</u>") set forth on **<u>Exhibit 1</u>** attached hereto and (ii) certain executory contracts (each, a "<u>Contract</u>," and collectively, the "<u>Contracts</u>," and together with the Leases, the "<u>Agreements</u>") set forth on **<u>Exhibit 1</u>** attached hereto, (b) authorizing the abandonment of certain equipment, fixtures, furniture, or other personal property (the "<u>Personal Property</u>") that may be located at the Premises, each effective as of the Rejection Date; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the Northern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Each Lease and Contract set forth on **Exhibit 1** attached hereto is rejected effective as of the Rejection Date.

3.      The Debtors are authorized to abandon any Personal Property of their bankruptcy estates that may be located at the Premises, and all such property is deemed abandoned, effective as of the Rejection Date.  The applicable counterparty to each Lease may effectuate its rights and remedies with respect to such property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4.      Claims arising out of the rejection of the Agreements, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the date of entry of this Order.

5.      Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, Social Security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

6.      Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease other than the Agreements by separate motion or pursuant to a chapter 11 plan.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.

9.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the rejection of the Agreements; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:      (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile      (312) 862-2200
Email           lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**Exhibit 1**

**Rejected Agreements[1]**

| # | Counterparty Name | Debtor Counterparty | Description of Agreement | Site ID(s) (Leases Only) | Rejection Date |
|---|---|---|---|---|---|
| 1 | Learfield Sports, LLC | Zips Car Wash, LLC | Marketing and Sponsorship Agreement Dated July 1, 2022 | | 2/5/2025 |
| 2 | Learfield Sports, LLC | Zips Car Wash, LLC | Amendment to Marketing and Sponsorship Agreement Dated July 1, 2022 | | 2/5/2025 |
| 3 | FSC ZCW Lynchburg VA, LLC | Zips Car Wash, LLC | Deed of Lease dated November 15, 2018 | 0600 - VALYN_Wards | 3/31/2025 |
| 4 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated October 22, 2019 | 222 - ARLIT_Bowman | 3/31/2025 |
| 5 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated September 11, 2020 | 0901 - OHSPR_Princeton | 3/31/2025 |
| 6 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated December 11, 2020 | 0903 - OHHAM_DixieHwy | 3/31/2025 |
| 7 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated February 26, 2021 | 0307 - KYLOU_Breckenridge | 3/31/2025 |
| 8 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated July 19, 2019 | 0301 - KYOWE_Wimsatt | 3/31/2025 |
| 9 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated February 14, 2020 | 0305 - KYBOW_Campbell | 3/31/2025 |
| 10 | Getty Leasing, Inc. | Zips Car Wash, LLC | Land and Building Lease Agreement dated June 12, 2020 | 0900 - OHCIN_Colerain | 3/31/2025 |
| 11 | Car W, LLC | Zips Car Wash, LLC | Lease Agreement dated December 13, 2018 | 842 - FLPEN_Michigan | 3/31/2025 |
| 12 | Velvet Malva, LLC | Zips Car Wash, LLC | Lease Agreement dated August 21, 2018 | 0402 - MOSTL_Watson | 2/28/2025 |
| 13 | Cyark Siloam LLC | Zips Car Wash, LLC | Lease Agreement dated May 25, 2021 | 206 - ARSPR_W.Sunset | 3/31/2025 |

---

[1]   For the avoidance of doubt, the Leases referenced herein include any amendments or modifications thereto.

| # | Counterparty Name | Debtor Counterparty | Description of Agreement | Site ID(s) (Leases Only) | Rejection Date |
|---|---|---|---|---|---|
| 14 | Fowler Property Investments, LP | Zips Car Wash, LLC | Amended and Restated Lease Agreement dated November 8, 2023 | 701 - KSWIC_37th | 3/31/2025 |
| 15 | JB5117 Poplar, LLC | Zips Car Wash, LLC | Lease Agreement dated December 23, 2015 | 105 - TNMEM_Poplar | 3/31/2025 |
| 16 | Loehr Investments, Inc | Zips Car Wash, LLC | Lease Agreement dated October 14, 2015 | 0407 - MOELL_Manchester | 2/28/2025 |
| 17 | Medical Realty Company, LLC | Zips Car Wash, LLC | Lease Agreement dated April 13, 2018 | 621 - TXSAN_N.Fredericksburg | 3/31/2025 |
| 18 | Mohamed Merabet and Yamina Sebbah | Zips Car Wash, LLC | Amended and Restated Master Lease Agreement dated April 28, 2023 | 802 - FLMIA_27th | 3/31/2025 |
| 19 | NADG NNN ZCW (OK) LLP | Zips Car Wash, LLC | Lease Agreement dated March 2, 2018 | 324 - OKGLE_141st | 3/31/2025 |
| 20 | NM Zips LLC | Zips Car Wash, LLC | Land and Building Lease Agreement dated December 30, 2020 | 843 - FLPEN_N.DavisHwy | 3/31/2025 |
| 21 | NM West Sunset, LLC | Zips Car Wash, LLC | Lease Agreement dated May 3, 2018 | 208 - ARSPR_E.Sunset | 2/5/2025 |
| 22 | Post Corporation | Zips Car Wash LLC | Land and Building Lease Agreement dated October 29, 2019 | 0500 - ILEDW_Troy | 2/28/2025 |
| 23 | Primax Properties, LLC | Zips Car Wash | Land and Building Lease Agreement dated May 2, 2019 | 956 - NCMAT_E.Independence | 3/31/2025 |
| 24 | Nightingale Pineville LLC | Zips Car Wash, LLC | Amended and Restated Lease Agreement dated May 2, 2019 | 957 - NCPIN_Towne | 3/31/2025 |
| 25 | ZRE PENSACOLA, LLC | Zips Car Wash, LLC | Lease Agreement dated November 25, 2019 | 844 - FLPEN_9th | 3/31/2025 |
| 26 | Zips Conway, LLC | Zips Car Wash, LLC | Lease Agreement dated December 29, 2016 | 224 - ARCON_Oak | 3/31/2025 |
| 27 | Zips Jett 2, LLC | Zips Car Wash, LLC | Lease Agreement dated January 9, 2018 | 644 - TXFOR_Denton | 3/31/2025 |

2

| # | Counterparty Name | Debtor Counterparty | Description of Agreement | Site ID(s) (Leases Only) | Rejection Date |
|---|---|---|---|---|---|
| 28 | Zips Patterson Street, LLC | Zips Car Wash, LLC | Lease Agreement dated May 2, 2019 | 954 - NCGRE_Patterson | 3/31/2025 |
| 29 | Broadstone ZCW Portfolio, LLC | Zips Car Wash, LLC | Master Lease Agreement dated July 17, 2018 | 602 - TXTEX_Stateline | 3/31/2025 |
| 30 | Broadstone ZCW Portfolio, LLC | Zips Car Wash, LLC | Master Lease Agreement dated July 17, 2018 | 703 - KSWIC_Maple | 3/31/2025 |
| 31 | Broadstone ZCW Portfolio, LLC | Zips Car Wash, LLC | Master Lease Agreement dated July 17, 2018 | 705 - KSWIC_S.Maize | 3/31/2025 |
| 32 | Broadstone ZCW Portfolio, LLC | Zips Car Wash, LLC | Master Lease Agreement dated July 17, 2018 | 841 - FLPAC_Woodbine | 3/31/2025 |
| 33 | SCF RC Funding IV | Zips Car Wash, LLC | Third Amended and Restated Master Lease Agreement dated September 29, 2017 | 404 - LASHR_Youree | 3/31/2025 |
| 34 | SCF RC Funding IV | Zips Car Wash, LLC | Third Amended and Restated Master Lease Agreement dated September 29, 2017 | 226 - ARBRY_N.Reynolds | 3/31/2025 |
| 35 | SCF RC Funding IV | Zips Car Wash, LLC | Third Amended and Restated Master Lease Agreement dated September 29, 2017 | 0100 - SCAND_Clemson | 3/31/2025 |
| 36 | Broadstone ZCW Portfolio | Zips Car Wash, LLC | Amended and Restated Master Lease Agreement dated October 24, 2023 | 0323 - KYLEX_NewCircle | 3/31/2025 |
| 37 | Broadstone ZCW Portfolio | Zips Car Wash, LLC | Master Lease Agreement dated December 27, 2017 | 702 - KSWIC_Webb | 3/31/2025 |
| 38 | Broadstone ZCW Portfolio | Zips Car Wash, LLC | Master Lease Agreement dated December 27, 2017 | 840 - FLMIL_Hwy90 | 3/31/2025 |
| 39 | Exp Wash re Portfolio Owner I, LLC | Zips Car Wash, LLC | Second Amended and Restated Master Lease Agreement dated September 29, 2017 | 225 - ARLIT_RodneyParham | 3/31/2025 |
| 40 | Exp Wash re Portfolio Owner I, LLC | Zips Car Wash, LLC | Second Amended and Restated Master Lease Agreement dated September 29, 2017 | 0200 - GACOR_FinisSprings | 3/31/2025 |
| 41 | Exp Wash re Portfolio Owner I, LLC | Zips Car Wash, LLC | Second Amended and Restated Master Lease Agreement dated September 29, 2017 | 0103 - SCSEN_Jennings | 3/31/2025 |