

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed March 12, 2025**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 114** |

### ORDER (I) SETTING BAR DATES
### FOR FILING PROOFS OF CLAIM; (II) APPROVING
### FORM AND MANNER FOR FILING PROOFS OF CLAIM;
### AND (III) APPROVING THE FORM AND MANNER FOR FILING PROOFS
### OF CLAIM, INCLUDING SECTION 503(b)(9) REQUESTS NOTICE OF BAR DATES

Upon consideration of the motion ("Motion")[2] of the debtors and debtors in possession on

the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A); and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(this "Order") (a) setting bar dates for the filing of proofs of claim, (b) approving the form and manner for filing proofs of claim, (c) approving the notice of bar dates, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the Northern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court pursuant to 28 U.S.C. § 157(a) and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District Court for the Northern District of Texas dated August 3, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Except as otherwise provided below, each person or entity that asserts a claim against the Debtors that arose (or is deemed to have arisen) before the Petition Date, including all priority claims, shall be required to file an original, written Proof of Claim, substantially in the form of Official Form 410, so that such Proof of Claim form is **actually received** on or before

April 10, 2025 at 4:00 p.m. (prevailing Central Time) (the "Claims Bar Date") by the Claims and

Noticing Agent in accordance with the instructions set forth in this Order.

2.    Any entity that asserts a claim against the Debtors that arose before the Petition

Date is authorized to file a Proof of Claim that redacts personally identifiable information with the

Claims and Noticing Agent; *provided* that an unredacted Proof of Claim shall be provided upon

request by the Debtors.

3.    The Debtors are authorized to take reasonable action to prevent an individual's

personally identifiable information from being publicly available on the claims register.

4.    Any person or entity that holds a claim arising from the rejection of an executory

contract or unexpired lease must file Proofs of Claim with respect to such claims so that they are

**actually received** on or before the later of (a) the Claims Bar Date or the Governmental Bar Date,

as applicable, and (b) 4:00 p.m. (prevailing Central Time) on the date that is thirty (30) days from

the date of entry of such order, unless otherwise ordered by the Court.

5.    All governmental units holding claims (whether secured, unsecured priority, or

unsecured non-priority) that arose (or is deemed to have arisen) before the Petition Date must file

Proofs of Claim, including claims for unpaid taxes, if any, whether such claims arise from

prepetition tax years or periods, or prepetition transactions to which the Debtors were a party, so

that they are **actually received** on or before August 4, 2025 at 4:00 p.m. (prevailing Central Time)

(the "Governmental Bar Date") by the Claims and Noticing Agent in accordance with the

instructions set forth in this Order.

6.    In the event that the Debtors amend or supplement their Schedules after having

given notice of the Bar Dates, holders of claims affected thereby must file Proofs of Claim with

respect to such claims so that they are actually received on or before the later of:  (a) the Claims

Bar Date or the Governmental Bar Date, as applicable to such claims; and (b) 4:00 p.m. (prevailing

Central Time) on the date that is thirty (30) days from the date on which the Debtors mail notice

of the amendment or supplement to the Schedules (the "Amended Schedules Bar Date").  Notice

of the Amended Schedules Bar Date shall be sent to each claimant holding a claim affected by any

such amendment or supplement and shall describe the listing and treatment of such claim on the

Schedules, including how such treatment has changed, if applicable, and indicate the Amended

Schedules Bar Date for such claim.

7.      All Proofs of Claim must be **actually received** by the Claims and Noticing Agent

on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and

Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be

barred from asserting such claims against the Debtors and precluded from voting on any chapter

11 plans filed in these chapter 11 cases and/or receiving distributions from the Debtors on account

of such claims in these chapter 11 cases.

8.      The following entities holding claims against the Debtors arising prior to the

Petition Date shall be required to file a Proof of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable
Debtor's Schedules or is listed as contingent, unliquidated, or disputed if
such entity desires to participate in these chapter 11 cases or share in any
distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the
Schedules or is listed in an incorrect amount and who desires to have its
claim allowed in a different classification or amount other than that
identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees
must submit Proofs of Claim relating to any grievance, including claims for
wrongful termination, discrimination, harassment, hostile work
environment, retaliation, and/or unpaid severance to the extent grounds for
such grievances arose on or prior to the Petition Date; *provided* that current
employees of the Debtors are not required to file a Proof of Claim for wages,

4

commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.  any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.  any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

9.  The following entities, in the capacities described below, shall **not** be required to file a Proof of Claim prior to the applicable Bar Date:

a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.  any person or entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;[3]

d.  any person or entity whose claim has previously been allowed by order of the Court;

e.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that such current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date;

---

[3]  In the event such a party does file a Proof of Claim, the filed Proof of Claim will supersede the Schedules. *See* B.R. 3006(c)(4).

g.    any Debtor having a claim against another Debtor;

h.    any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease;

i.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s), *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

j.    any person or entity holding a claim for which a separate deadline is fixed by the Court;

k.    holders of claims for fees and expenses of professionals retained in these chapter 11 cases;

l.    in accordance with paragraph 16 the DIP Order, the Prepetition Term Loan Secured Parties (as defined in the DIP Order) and the DIP Secured Parties (as defined in the DIP Order), for claims arising from or relating to the DIP Facility or the Prepetition Term Loan Obligations (as defined in the DIP Order), as applicable; and

m.    any person or entity holding an equity interest in any Debtor.

10.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    ***Contents of Claim Form***.  Each Proof of Claim Form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or to Official Form 410; and (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim, whether such signature is an electronic signature or is ink.

b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any

reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Original Signatures Required***.   Only (i) <u>original</u> Proof of Claim forms signed electronically or in ink or (ii) Proof of Claim forms submitted and signed electronically using the electronic filing interface available at https://cases.ra.kroll.com/ZipsCarWash will be deemed acceptable for purposes of claims administration.   Proof of claim forms sent by facsimile or electronic mail will **<u>not</u>** be accepted.

d.   ***Identification of the Debtor Entity***.   Each Proof of Claim form must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.   A Proof of Claim form filed without identifying a specific Debtor will be deemed as filed only against Zips Car Wash, LLC.

e.   ***Claim Against Multiple Debtor Entities***.   Except as otherwise provided in this Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.   To the extent more than one Debtor is listed on the Proof of Claim form, such claim may be treated as if filed only against Zips Car Wash, LLC.

f.   ***Supporting Documentation***.   Each Proof of Claim form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).   Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.   ***Timely Service***.   Each Proof of Claim form, including supporting documentation, must be filed or submitted, including supporting documentation, through any of the following methods:   (i) electronic submission through PACER (Public Access to Court Electronic Records at <u>https://ecf.txnb.uscourts.gov/</u>);   (ii) via the electronic filing interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/ZipsCarWash or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as to be **<u>actually received</u>** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

For First-Class Mail to:

Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

For hand delivery or Overnight Mail to:

Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, New York 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proof of Claim forms were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim form; and (ii) a self-addressed, stamped envelope.

11.    No later than three (3) business days after entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 1** (the "Bar Date Notice") to be mailed via first class mail, to the following entities:

a.     the Debtors and their counsel;

b.     the U.S. Trustee for the Northern District of Texas;

c.     any statutory committee appointed in these chapter 11 cases and its counsel;

d.     the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

e.     all known creditors and other known holders of claims against the Debtors;

f.     the Prepetition Term Loan Lenders and their counsel;

g. all persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

h. all persons or entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

i. all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;[4]

j. all known entities who are party to executory contracts and unexpired leases with the Debtors;

k. all known entities who are party to active litigation with the Debtors;

l. all current and former employees of the Debtors employed within one year of the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

m. all regulatory authorities that regulate the Debtors;

n. the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

o. the Office of the United States Attorney for the Northern District of Texas;

p. the United States Internal Revenue Service;

q. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

r. all other entities listed on the Debtors' creditor matrix.

12. The Debtors shall also post the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://cases.ra.kroll.com/ZipsCarWash.

13. The Debtors shall also publish the Bar Date Notice on one occasion in the national edition of *The New York Times*, or a similarly situated publication, within three (3) business days of entry of the Bar Date Order, or as soon as reasonably practicable thereafter.

---

[4] The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

14.     The Debtors are authorized, in their discretion, to extend the applicable Bar Date for certain holders of claims by stipulation where the Debtors determine that such extension is in the best interest of their estates.

15.     The Debtors shall serve notice of the Bar Dates to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

16.     After the initial service of the Bar Date Notice, the Debtors may, in their sole discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to twenty-one (21) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.  The Debtors shall not be required to mail additional notices to any entity or party for which any notice is returned to the Debtors as "return to sender" without a forwarding address.

17.     The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Publication Notice to be published as soon as reasonably practicable after entry of the Bar Date Order on one occasion in the national edition of *The New York Times*, or a similarly situated publication, and

any such other local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

18.    The Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time as set forth in this Order constitute adequate and sufficient notice of each of the respective Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

19.    Any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated. Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

20.    Any such entity that is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

21.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

23.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

25.    The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile    (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## Exhibit 1

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) DATE BY WHICH PARTIES MUST FILE PROOFS OF CLAIM; AND
(II) PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS**

The debtors and debtors in possession on the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on February 5, 2025 (the "Petition Date").

On February 13, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim; (II) Approving the Form and Manner for Filing Proofs of Claim; (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests Notice of Bar Dates* [Docket No. 114] (the "Bar Date Motion") with the Court.  On March [12], 2025, the Court entered an order approving the Bar Date Motion [Docket No. [●]] (the "Bar Date Order") and establishing certain dates (each, a "Bar Date," and collectively, the "Bar Dates") by which parties holding claims against the Debtors arising prior to the Petition Date must file proofs of claim.  Each date is expressly set forth below.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM
AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.
THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT
WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY
WISH TO CONSULT ONE.**

**Background to the Debtors' Chapter 11 Cases**

**A.      General Information About the Debtors' Cases**.  The Debtors' chapter 11 cases are being jointly administered under case number 25-80069 (MVL) (Bankr. N.D. Tex.).  No

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A); and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**B.**    **Access to Proof of Claim Forms and Additional Information**. If you have any questions regarding the claims processing and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, proof of claim form, or related documents (and/or any other pleadings filed in these chapter 11 cases) you may do so by: (i) visiting the website of the Debtors' claims, noticing, and solicitation agent (the "Claims and Noticing Agent"), Kroll Restructuring Administration LLC ("Kroll") at: https://cases.ra.kroll.com/ZipsCarWash, (ii) (888) 343-1371 (Toll-Free) or (646) 876-2491 (International), and/or (iii) emailing ZipsCarWashInfo@ra.kroll.com. Please note that the Claims and Noticing Agent **cannot** advise you on how to file, or whether you should file, a proof of claim.

**C.**    **Schedules of Assets and Liabilities**. The Debtors intend to file their statement of financial affairs and schedules of assets and liabilities with the Court (collectively, the "Schedules") by February 19, 2025. Once filed, the Schedules will be available online and free of charge at https://cases.ra.kroll.com/ZipsCarWash or for a fee via PACER at https://ecf.txnb.uscourts.gov/.

<u>**Bar Dates Approved by the Court**</u>

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors arising prior to the Petition Date must file proofs of claims so that they are **actually received** by the Claims and Noticing Agent:

| <u>**Claims Bar Date:**</u> | **April 10, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Claims Bar Date") as the last date and time for each entity[2] to file proofs of claim (a "Proof of Claim") based on a prepetition claim, including requests for payment under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), against any Debtor; |
|---|---|
| <u>**Governmental Bar Date:**</u> | **August 4, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date") as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against any Debtor; |
| <u>**Rejection Damages Bar Date:**</u> | Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, |

---

[2]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

*establishing the later of (a) the Claims Bar Date or the Governmental Bar Date*, as applicable, and *(b) 4:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection or the applicable executory contract or unexpired lease* as the last date and time by which each claimant holding a claim relating to such rejection must file a Proof of Claim against any Debtor (such later date, the "Rejection Damages Bar Date"); and

**Amended Schedules Bar Date:**    Solely as to claims affected by the Debtors' amendment to the Schedules, *the later of (a) the Claims Bar Date or the Governmental Bar Date*, as applicable, and *(b) 4:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of an amendment to the Schedules* (such date, the "Amended Schedules Bar Date," and together with the Claims Bar Date, Governmental Bar Date, and Rejection Damages Bar Date, the "Bar Dates").

## Parties Required to File Claim Forms

A.    **Definition of Claim**.  Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

B.    **Parties Who Must File Claim Forms**.  The following entities holding claims against the Debtors arising prior to the Petition Date are required to file a Proof of Claim on or before the applicable Bar Date:

    a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

3

c.      any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**C.      Parties Who Do Not Need to File Claim Forms**.  Certain parties are not required to file a Proof of Claim.  The Court may, however, enter one or more separate orders at a later time requiring holders of claims to file proofs of claim and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.

The following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need **not** file proofs of claim:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any person or entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;[3]

d.      any person or entity whose claim has previously been allowed by order of the Court;

---

[3]    In the event such a party does file a Proof of Claim, the filed Proof of Claim will supersede the Schedules.  *See* Bankruptcy Rule 3006(c)(4).

e.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that such current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date;

g.    any Debtor having a claim against another Debtor;

h.    any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease;

i.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s), *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

j.    any person or entity holding a claim for which a separate deadline is fixed by the Court;

k.    holders of claims for fees and expenses of professionals retained in these chapter 11 cases;

l.    in accordance with paragraph 16 the DIP Order, the Prepetition Term Loan Secured Parties (as defined in the DIP Order) and the DIP Secured Parties (as defined in the DIP Order), for claims arising from or relating to the DIP Facility or the Prepetition Term Loan Obligations (as defined in the DIP Order), as applicable; and

m.    any person or entity holding an equity interest in any Debtor.

## Instructions for Filing Claim Forms

A.    ***Contents of Claim Form.***  Each Proof of Claim Form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or to Official Form

410; and (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim, whether such signature is an electronic signature or is ink.

B.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

C.    ***Original Signatures Required***.    Only (i) <u>original</u> Proof of Claim forms signed electronically or in ink or (ii) Proof of Claim forms submitted and signed electronically using the electronic filing interface available at https://cases.ra.kroll.com/ZipsCarWash will be deemed acceptable for purposes of claims administration.  Proof of claim forms sent by facsimile or electronic mail will **<u>not</u>** be accepted.

D.    ***Identification of the Debtor Entity***.  Each Proof of Claim form must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim form filed without identifying a specific Debtor will be deemed as filed only against Zips Car Wash, LLC.

E.    ***Claim Against Multiple Debtor Entities***.  Except as otherwise provided in the Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim form, such claim may be treated as if filed only against Zips Car Wash, LLC.

F.    ***Supporting Documentation***.    Each Proof of Claim form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

G.    ***Timely Service***.  Each Proof of Claim form, including supporting documentation, must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at <u>https://ecf.txnb.uscourts.gov/</u>); (ii) via the electronic filing interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/ZipsCarWash or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as to be **<u>actually</u>**

**received** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

---

For First-Class Mail to:

Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

For hand delivery or Overnight Mail to:

Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, New York 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

H.   ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proof of Claim forms were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim form; and (ii) a self-addressed, stamped envelope.

## Consequences of Failing to Timely File Your Claim Form

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that (absent the consent of the Debtors, in their sole discretion):

➢   **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

➢   **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

➢   **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

## Amendments to the Debtors' Schedules

A.  **Amendments to Schedules**.  In the event that the Debtors amend their Schedules after the date of this notice, the Debtors will provide holders of claims that are affected by any such amendment notice of the amendment, and such parties will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

B.  **Amended Schedules Bar Date**.  The Court has approved the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules as the date by which holders of claims affected by the amendment must file proofs of claim with respect to such claims.

## Reservation of Rights

Nothing contained in this notice in intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March [●], 2025
Dallas, Texas

/s/ Draft
_____

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile    (312) 862-2200
Email        lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**<u>Exhibit 2</u>**

**Proof of Claim Form**

**United States Bankruptcy Court, Northern District of Texas (Dallas Division)**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|

| ☐ Zips Car Wash, LLC<br>(Case No. 25-80069) | ☐ Zips 6050 Wade Hampton, LLC<br>(Case No. 25-80074) | ☐ Zips Portfolio II, LLC<br>(Case No. 25-80076) |
|---|---|---|
| ☐ Express Car Wash Holdings, LLC<br>(Case No. 25-80070) | ☐ Zips Operating Holdings, LLC<br>(Case No. 25-80071) | ☐ Zips Portfolio III, LLC<br>(Case No. 25-80068) |
| ☐ Zips 2900 Wade Hampton, LLC<br>(Case No. 25-80073) | ☐ Zips Portfolio I, LLC<br>(Case No. 25-80075) | ☐ Zips Portfolio IV, LLC<br>(Case No. 25-80077) |
| ☐ Zips 3107 N. Pleasantburg, LLC<br>(Case No. 25-80072) | | |

## Modified Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. | Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name<br><br>Number        Street<br><br>City                State            ZIP Code<br><br>Contact phone<br><br>Contact email<br><br>Uniform claim identifier (if you use one): | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br>Number        Street<br><br>City                State            ZIP Code<br><br>Contact phone<br><br>Contact email |
|---|---|---|---|

| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

**7.  How much is the claim?**    $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**        $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

| Part 3: | Sign Below |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>      MM / DD / YYYY<br><br><br>_____<br>Signature<br><br>**Name of the person who is completing and signing this claim:**<br><br>Name _____<br>        First name        Middle name        Last name<br><br>Title _____<br><br>Company _____<br>        Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address _____<br>        Number        Street<br>        _____<br>        City        State    ZIP Code<br><br>Contact phone _____    Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/Zipscarwash/.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:
**If by first class mail:**
Zips Car Wash, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Zips Car Wash, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

| Do not file these instructions with your form |
| --- |

## **Exhibit 3**

**Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF (I) DATE BY WHICH PARTIES MUST FILE PROOFS OF CLAIM; AND (II) PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS

The debtors and debtors in possession on the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on February 5, 2025 (the "Petition Date").

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors arising prior to the Petition Date must file proofs of claim: (a) **April 10, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Claims Bar Date") as the last date and time for each entity[2] to file proofs of claim (a "Proof of Claim") based on a prepetition claim, including requests for payment under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), against any Debtor; (b) **August 4, 2025 at 4:00 p.m. (prevailing Central Time)** is the date by which all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) must file a Proof of Claim, including claims for unpaid taxes, if any, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party (the "Governmental Bar Date"); (c) solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, **the later of (i) the Claims Bar Date or the Governmental Bar Date**, as applicable, and **(ii) 4:00 p.m., prevailing Central Time,**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A); and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2]   Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which each claimant holding a claim relating to such rejection must file a Proof of Claim against any Debtor (such later date, the "Rejection Damages Bar Date"); and (d) solely as to claims affected by the Debtors' amendment to the Schedules, **the later of (i) the Claims Bar Date or the Governmental Bar Date**, as applicable, and **(ii) 4:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of an amendment to the Schedules** is the date by which holders of claims affected thereby must file a Proof of Claim (the "Amended Schedules Bar Date").

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

***Timely Service***.  Each Proof of Claim form, including supporting documentation, must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txnb.uscourts.gov/); (ii) via the electronic filing interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/ZipsCarWash or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

For First-Class Mail to:


Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850


For hand delivery or Overnight Mail to:

Zips Car Wash, LLC, Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, New York 11232


**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

***Contents of Claim Form.*** Each Proof of Claim Form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or to Official Form 410; and (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim, whether such signature is an electronic signature or is ink.

***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Original Signatures Required***. Only (i) original Proof of Claim forms signed electronically or in ink or (ii) Proof of Claim forms submitted and signed electronically using the electronic filing interface available at https://cases.ra.kroll.com/ZipsCarWash will be deemed acceptable for purposes of claims administration. Proof of claim forms sent by facsimile or electronic mail will **not** be accepted.

***Identification of the Debtor Entity***. Each Proof of Claim form must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim form filed without identifying a specific Debtor may be deemed as filed only against Zips Car Wash, LLC.

***Claim Against Multiple Debtor Entities***. Except as otherwise provided in the Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor

3

is listed on the Proof of Claim form, such claim may be treated as if filed only against Zips Car Wash, LLC.

***Supporting Documentation***.  Each Proof of Claim form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

***Additional Information***.  If you have any questions regarding the claims processing and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, Proof of Claim form, or related documents (and/or any other pleadings filed in these chapter 11 cases) you may do so by: (i) visiting the website of the Debtors' claims, noticing, and solicitation agent, Kroll Restructuring Administration LLC ("Kroll") at: https://cases.ra.kroll.com/ZipsCarWash, (ii) (888) 343-1371 (Toll-Free)      or      (646)      876-2491      (International),      and/or      (iii)      emailing ZipsCarWashInfo@ra.kroll.com.  Please note that the Claims and Noticing Agent **cannot** advise you on how to file, or whether you should file, a Proof of Claim.