

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed March 18, 2025**

_____

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 169** |

**ORDER (I) AUTHORIZING THE RETENTION
AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to retain and compensate the OCPs identified on the OCP Lists attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures (as defined herein), and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the Northern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Debtors are authorized to retain and compensate the OCPs identified on the OCP Lists, attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

> (a) Each OCP identified on the lists attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented from time to time, collectively, the "OCP Lists") that provides services to the Debtors shall file with this Court a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form attached hereto as **Exhibit 3**, within fourteen (14) days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to an OCP List. Each OCP shall serve the Declaration of Disinterestedness upon: (a) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn. Kevin Nystrom, Chief Transformation Officer (knystrom@alixpartners.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com); and Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com); and (ii) Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (c) counsel to the Committee, (i) Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 70002, Attn.: Judith Elkin (jelkin@pszjlaw.com) and Theodore S. Heckel (theckel@pszjlaw.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com) (each an "Application Recipient," and collectively, the "Application Recipients"); (d) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); and (e) counsel to the Ad Hoc Term Lender Group, Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, TX 75201, Attn.: Charles M. Persons (charlespersons@paulhastings.com), 515 S. Flower

3

Street, 25th Floor, Los Angeles, CA 90071, Attn.: Justin E. Rawlins (justinrawlins@paulhastings.com), and 200 Park Ave, New York, NY 10166, Attn.: Robert Nussbaum (robertnussbaum@paulhastings.com), and Matthew D. Friedrick (matthewfriedrick@paulhastings.com) (collectively, the "OCP Notice Parties").

(b) The OCP Notice Parties and any other party in interest shall have fourteen (14) days after the filing of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "Objection Deadline"). The objecting party shall serve any such objection upon the OCP Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before this Court on no less than fourteen (14) days' notice (subject to Court availability) or on a date otherwise agreeable to the parties thereto. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c) If no objection is received by the Objection Deadline, or if all outstanding objections have been withdrawn, resolved, or overruled with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without a hearing or further order and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(d) The Debtors reserve the right to modify the OCP Lists as necessary to add or remove OCPs from time to time, in their sole discretion. In the event an OCP is added to an OCP List, the Debtors will file a notice with this Court listing the additional OCP that the Debtors intend to employ (each, an "OCP Notice") and will serve each OCP Notice on the OCP Notice Parties. Each additional OCP listed in the OCP Notice shall file and serve a Declaration of Disinterestedness on the OCP Notice Parties in accordance with the Order. The OCP Notice Parties and any other party in interest shall have fourteen (14) days following the date of filing of a Declaration of Disinterestedness to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with this Court, and serve any such objection upon each of the

4

OCP Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

(e) The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100 percent of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided* that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** attached hereto, excluding costs and reimbursable expenses, may not exceed $75,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap"), and the fees of each OCP set forth on **Exhibit 2** attached hereto, excluding costs and reimbursable expenses, may not exceed $50,000 per month on average over a rolling three-month period (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Caps"); *provided* that if any OCP's aggregate fees incurred during these chapter 11 cases, excluding costs and reimbursable expenses, exceed $425,000 for any OCP set forth on **Exhibit 1** (the "Tier 1 OCP Case Cap") or $200,000 for any OCP set forth on **Exhibit 2** (the "Tier 2 OCP Case Cap," and together with the Tier 1 OCP Case Cap, the "OCP Case Caps"), such OCP shall seek final approval of such fees with the Bankruptcy Court pursuant to section 330 of the Bankruptcy Code and rule 2016 of the Bankruptcy Rules. The OCP Caps and/or OCP Case Caps may be increased by agreement among the Debtors, the Committee, and the U.S. Trustee; *provided* that the Debtors shall file a notice with the Court and submit such notice to the OCP Notice Parties for any such agreed increase.

(f) To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the OCP shall: (i) file with this Court a *Notice of Fees in Excess of the OCP Cap* (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the OCP Notice Parties. Interested parties shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with this Court. If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the

5

                OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

     (g)     Beginning with the period ending on March 31, 2025, and in sixty (60)-day increments thereafter while these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the OCP Notice Parties a Statement with respect to each OCP paid during the immediately preceding period. Each OCP's Statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported period; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

2.     To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Order (each such agreement, an "OCP Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these chapter 11 cases:

     (a)     The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

     (b)     Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not

6

    be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

  (c) Notwithstanding anything to the contrary, nothing in this Order shall permit the Debtors to satisfy any indemnity obligations arising prior to the Petition Date without a further order of this Court.

  (d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement.

3. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

4. Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP.

5. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Caps or OCP Case Caps.

6. The Debtors shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration of Disinterestedness with

this Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved, withdrawn or upon order of this Court.

7. Nothing in this Order shall preclude an OCP from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

8. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

<u>Submitted by:</u>

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Aaron M. Kaufman (TX Bar No. 24060067) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Amber M. Carson (TX Bar No. 24075610) | Ross J. Fiedler (admitted *pro hac vice*) |
| 1601 Elm Street, Suite 4600 | 601 Lexington Avenue |
| Dallas, Texas 75201 | New York, New York 10022 |
| Telephone:    (214) 954-4135 | Telephone:    (212) 446-4800 |
| Facsimile:    (214) 953-1332 | Facsimile:    (212) 446-4900 |
| Email:    jbrookner@grayreed.com | Email:    joshua.sussberg@kirkland.com |
|     akaufman@grayreed.com |     ross.fiedler@kirkland.com |
|     acarson@grayreed.com | |
| | -and- |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile    (312) 862-2200 |
| | Email    lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

# Exhibit 1

## Tier 1 Ordinary Course Professionals

| OCP Name | Service |
|---|---|
| Faegre Drinker Biddle & Raeth, LLP | Legal |
| Ryan LLC | Tax |
| CBIZ MHM, LLC | Accounting and Tax |

## Exhibit 2

### Tier 2 Ordinary Course Professionals

| OCP Name | Service |
|---|---|
| Rose Law Firm | Legal |
| Wolters Kluwer | Tax |
| CyberGuard Compliance, LLP | Payment Card Industry Compliance |
| Greenspoon Marder LLP | Legal |
| Armanino, LLP | 401(K) Audit Related |

**Exhibit 3**

**Form of Declaration of Disinterestedness**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT
TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "Declaration") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Zips Car Wash, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases or have any relationship

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of February 5, 2025, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

11. [**If there is an indemnification agreement**]:  Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

   (a) [The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

   (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP

3

      before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement.]

12.     The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2025

_____
**[DECLARANT]**