Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

*Proposed Co-Counsel for the Debtors and Debtors
in Possession*

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in
Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. 192** |

## THIRD NOTICE OF REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on March 7, 2025 the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 192] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Agreement set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Agreement agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Agreements must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:  (a) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.: Kevin Nystrom (knystrom@alixpartners.com); (b) proposed co-counsel to the Debtors (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com), and (iii) Gray Reed, 1601 Elm Street, Suite 4600, Dallas,

---

2   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (c) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (d) counsel to the Ad Hoc Term Lender Group,(i) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, Texas 75201, Attn: Charles M. Persons (charlespersons@paulhastings.com), (ii) Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, California 90071, Attn: Justin E. Rawlins (justinrawlins@paulhastings.com), and (iii) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 Attn: Robert Nussbaum (robertnussbaum@paulhastings.com) and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (e) proposed counsel to the Official Committee of Unsecured Creditors, (i) Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 70002, Attn: Judith Elkin (jelkin@pszjlaw.com) and Theodore S. Heckel (theckel@pszjlaw.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the Debtors shall seek entry of the proposed form of order attached hereto as **Schedule 3**, and the rejection of each Agreement shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Agreement agree.[3]

---

[3]   An objection to the rejection of any particular Agreement listed in this Rejection Notice shall not constitute an objection to the rejection of any other Agreement or lease listed in this Rejection Notice. Any objection to the rejection of any particular Agreement listed in this Rejection Notice must state with specificity the Agreement to

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Agreement is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Agreement or Agreements to which such objection relates. If such objection is overruled or withdrawn, such Agreement or Agreements shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Agreement agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, the counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Agreements otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

PLEASE TAKE FURTHER NOTICE that to the extent you wish to assert a claim with respect to rejection of your Agreement or Agreements, you must do so by the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) thirty days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Agreement. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM

---

which it is directed. For each particular Agreement whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON

ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT

OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'

CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  March 24, 2025
Dallas, Texas

*/s/Jason S. Brookner*

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## Schedule 1

**Procedures Order**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed March 7, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 15** |

### ORDER (I) AUTHORIZING AND APPROVING
### PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for entry of an order (this "Order"), (a) authorizing and approving

the Assumption and Rejection Procedures for rejecting, assuming, or assuming and assigning

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

executory contracts and unexpired leases (including any amendments or modifications thereto), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the Northern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting Agreements:

      a.      ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject an Agreement or Agreements pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Agreement or Agreements to be rejected; (ii) the Debtor or Debtors party to such Agreements; (iii) the names and addresses of the counterparties to such Agreement(s) (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for each Agreement(s) (each, the "Rejection Date"); (v) if any such Agreement is an unexpired lease of non-residential real property, a description of any property to be abandoned at the leased premises, including any personal property, furniture, fixtures,

2

Case 25-80069-mvl11    Doc 203    Filed 03/24/25    Entered 03/24/25 16:03:02    Desc
Main Document    Page 10 of 28

and equipment (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to leased real property, any known third party having an interest in any Abandoned Property located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Agreements; *provided* that the number of Agreements listed on each Rejection Notice shall be limited to no more than one hundred, and the Rejection Counterparties shall be listed in alphabetical order.  Further, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of Agreements, which shall be substantially in the form of <u>Schedule 3</u> to the Rejection Notice.  No Agreement shall be deemed rejected absent entry of an applicable Rejection Order.

b.    ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Agreement (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the U.S. Trustee, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (B) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (C) the office of the attorney general for each of the states in which the Debtors operate; (D) the United States Attorney's Office for the Northern District of Texas; (E) the Internal Revenue Service; (F) counsel to the Ad Hoc Term Lender Group; (G) the agents for certain prepetition and postpetition lenders of the Debtors; (H) counsel to the Official Committee of Unsecured Creditors; and (I) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Master Notice Parties</u>").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen days after the date the Debtors file and serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>") and promptly serve such objection on the following parties (collectively, the "<u>Objection Service Parties</u>"):  (i) the Debtors, Zips Car Wash, LLC, 8400 Belleview Drive, Suite 210, Plano, Texas 75024, Attn.: Kevin Nystrom (knystrom@alixpartners.com); (ii) proposed co-counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Ross J. Fiedler (ross.fiedler@kirkland.com), (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Lindsey Blumenthal (lindsey.blumenthal@kirkland.com), and (c) Gray Reed, 1601 Elm Street,

---

3    An objection to the rejection of any particular Agreement listed on a Rejection Notice shall not constitute an objection to the rejection of any other Agreement listed on such Rejection Notice.

Suite 4600, Dallas, Texas 75201, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Aaron M. Kaufman (akaufman@grayreed.com), and Amber M. Carson (acarson@grayreed.com); (iii) the U.S. Trustee, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn.: Meredyth Kippes (meredyth.kippes@usdoj.gov); (iv) counsel to the Ad Hoc Term Lender Group, (a) Paul Hastings LLP, 2001 Ross Avenue, Suite 2700, Dallas, TX 75201, Attn: Charles M. Persons (charlespersons@paulhastings.com), (b) Paul Hastings LLP, 515 S. Flower Street, 25th Floor, Los Angeles, CA 90071, Attn: Justin E. Rawlins (justinrawlins@paulhastings.com), and (c) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Robert Nussbaum (robertnussbaum@paulhastings.com), and Matthew D. Friedrick (matthewfriedrick@paulhastings.com); and (v) proposed counsel to the Official Committee of Unsecured Creditors, (a) Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 70002, Attn: Judith Elkin (jelkin@pszjlaw.com) and Theodore S. Heckel (theckel@pszjlaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Bradford J. Sandler (bsandler@pszjlaw.com), and Shirley S. Cho (scho@pszjlaw.com).

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Agreement is timely filed, then the Debtors shall submit a proposed Rejection Order approving the rejection of each Agreement listed in the applicable Rejection Notice, for entry by the Court under a certificate of no objection and, if the Rejection Order is entered, each such Agreement shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, that the Rejection Date for a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such

4

objection is overruled or withdrawn, such Agreement(s) shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Agreement from the schedule to a Rejection Notice at any time prior to entry of a Rejection Order upon written notice to the Rejection Counterparty (email being sufficient).

g.   ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Agreement.  The Debtors shall generally describe the Abandoned Property in the Rejection Notice and their intent to abandon such property; *provided, however*, that Abandoned Property shall not include any hazardous materials, as defined under applicable law and to the extent the Debtors are required to remove such materials by applicable law, or personally identifiable information.  Absent a timely objection, any and all Abandoned Property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or counterparties may, in their sole discretion and without further notice to any third party or the Debtors or any order of this Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

i.   ***Proofs of Claim***.  Claims arising out of the rejection of Agreements, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases and (ii) thirty days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Agreement.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.   The following Assumption Procedures are approved in connection with assuming and assuming and assigning Agreements:

5

a.   ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume an Agreement or Agreements pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Agreement or Agreements to be assumed; (ii) the Debtor or Debtors party to such Agreements; (iii) the names and addresses of the counterparties to such Agreements (each an "Assumption Counterparty"); (iv) the identity of the proposed assignee of such Agreements (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Agreement (the "Assumption Date"); (vi) the proposed cure amount, if any, for each such Agreement; (vii) a description of any material amendments to the Agreement made outside of the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Agreements; *provided* that the Assumption Counterparties shall be listed in alphabetical order.  Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Agreements, which shall be substantially in the form of Schedule 3 to the Assumption Notice.  No Agreement shall be deemed assumed absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known),(ii) by first class mail, email, or fax upon the Master Notice Parties, and (iii) by electronic mail upon counsel to the Assumption Counterparties, if known.  To the extent the Debtors seek to assume or assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Agreement (and upon the Assumption Counterparties' counsel, if known, by electronic mail).[4]

c.   ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable,

---

[4]   The Debtors shall serve (by electronic mail, if requested) a counterparty to an Agreement other than a lease of non-residential real property to be assumed under the Assumption and Rejection Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

of an Agreement must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

    d.    **_No Objection_**. If no objection to the assumption of any Agreement is timely filed, the Debtors shall submit a proposed Assumption Order approving the assumption of each Agreement listed in the applicable Assumption Notice, for entry by the Court under a certificate of no objection, and, if the Assumption Order is entered, each such Agreement shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Agreement and no amount in excess thereof shall be paid for cure purposes; _provided_, _however_, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

    e.    **_Unresolved Timely Objections_**. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Agreement shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Agreement have agreed, or as ordered by the Court.

    f.    **_Removal from Schedule_**. The Debtors reserve the right to remove any Agreement from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

    4.    Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account

---

[5] An objection to the assumption of any particular Agreement listed on an Assumption Notice shall not constitute an objection to the assumption of any other Agreement listed on such Assumption Notice.

number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

5.      The rights of the counterparties to each Agreement to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.  Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

6.      With regard to Agreements to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Agreement shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Agreement(s) (but only in connection with the assignment by the Debtor to the

8

Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Agreement(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Agreements.[6] For the avoidance of doubt, all provisions of the applicable assigned Agreement, including any provision limiting assignment, shall be binding on the applicable Assignee.

7.       Subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and the closing of an authorized assumption and assignment of any executory contract or unexpired lease, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Agreements, and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Agreement.

8.       The Debtors' right to assert that any provisions in the Agreement that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Agreement to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

9.       The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

---

[6]   Certain of the Agreements may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Agreement.  The Debtors reserve all rights with respect to the enforceability of such provisions.

10.     Approval of the Assumption and Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume an Agreement by separate motion.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order shall be deemed: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     All rights and defenses of the Debtors and counterparties to the Agreements are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an Agreement rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Agreement is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

10

13.    Notice of the rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.    Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile     (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## **Exhibits to Procedures Order**

[Filed at Docket No. 192]

All exhibits may be found at https://cases.ra.kroll.com/Zipscarwash/

**Schedule 2**

**Rejected Agreements**

| Debtor Counterparty | Rejection Counterparty | Rejection Counterparty Address | Description of Agreement[1] | Site ID(s) (Leases Only) | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| Zips Car Wash, LLC | GBH Brentwood Boulevard, LLC | c/o Equity Investment Group 127 W. Berry Street, Suite 300 Fort Wayne, IN 46802 Attn: Anthony M. Zirille, Esq. | Lease Agreement dated March 14, 2019 | 0403 - MOSTL_Brentwood | Office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage | 3/31/2025 |
| Zips Car Wash, LLC | GBH Page Avenue, LLC | c/o Equity Investment Group 127 W. Berry Street, Suite 300 Fort Wayne, IN 46802 Attn: Anthony M. Zirille, Esq. | Lease Agreement dated March 14, 2019 | 0405 - MOSTL_W.Page | Office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage | 3/31/2025 |
| Zips Car Wash, LLC | GBH Southern Manor Drive, LLC | c/o Equity Investment Group 127 W. Berry Street, Suite 300 Fort Wayne, IN 46802 Attn: Anthony M. Zirille, Esq. | Lease Agreement dated March 14, 2019 | 0404 - MOSTL_S.Manor | Office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage | 3/31/2025 |
| Zips Car Wash, LLC | GBH Tesson Ferry, LLC | c/o Equity Investment Group 127 W. Berry Street, Suite 300 Fort Wayne, IN 46802 Attn: Anthony M. Zirille, Esq. | Lease Agreement dated March 14, 2019 | 0401 - MOSTL_TessonFerry | Office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage | 3/31/2025 |
| Zips Car Wash, LLC | NM Zips St. Charles LLC | 1968 Shawnee Mission Parkway, Suite 200 Mission Woods, Kansas 66205 | Land and Building Lease Agreement dated April 9, 2019 | 0408 - MOSTC_OldMuegge | Office furniture, janitorial supplies, fixtures, office supplies, cleaning agents belonging to certain of the Debtors' vendors, and signage | 3/31/2025 |

---

[1]    The inclusion of an Agreement on this list does not constitute an admission as to the executory or non-executory nature of the Agreement, or as to the existence or validity of any claims held by the counterparty or counterparties to such Agreement.

## **Schedule 3**

**Proposed Agreement Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket Nos. 192 and __** |

**ORDER AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 192] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Third Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Agreements set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, that if any such Agreement is an unexpired lease of non-residential real property, the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (1) turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email

2

being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2.      Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  The applicable Agreement counterparty or counterparties may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.      Nothing in this order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's, first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

4.      The rights of the counterparties to each Agreement to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.  Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally

identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or

other personal and/or confidential information about the Debtors' employees and/or customers, or

any other individual (the "<u>Confidential Information</u>"), the Debtors shall remove the Confidential

Information from such property before abandonment.

5.       If any affected Rejection Counterparty to an Agreement asserts a claim against the

Debtors arising from the rejection of the Agreement, the Rejection Counterparty must file a proof

of claim on or before the later of (i) the applicable deadline for filing proofs of claim established

in these chapter 11 cases, and (ii) thirty (30) days after the later of (A) the Rejection Date, and

(B) the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall be

forever barred from asserting a claim for damages arising from the rejection and from participating

in any distributions on such a claim that may be made in connection with these chapter 11 cases.

Within one (1) business day after entry of this Order, the Debtors will serve this Order on the

counterparties to each of the rejected Agreements.

6.       Nothing contained in the Rejection Notice or this Order, and no action taken

pursuant to the relief requested or granted (including any payment made in accordance with this

Order), shall be deemed:  (a) an admission as to the amount, validity or priority of, or basis for,

any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law;

(b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any

grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission

or finding that any particular claim is an administrative expense claim, other priority claim or

otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or

authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365

of the Bankruptcy Code other than the rejection of the Agreements set forth in **Exhibit 1**; (f) an

4

admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.      All rights and defenses of the Debtors and counterparties to the Agreements are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an Agreement rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Agreement is terminated and is no longer an executory contract or unexpired lease, respectively.

8.      Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.


# # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              acarson@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              ross.fiedler@kirkland.com

-and-

Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email         lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*