

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 25, 2025**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 20, 116 and 152** |

### ORDER (I) AUTHORIZING
### THE REJECTION OF CERTAIN
### UNEXPIRED LEASES AND EXECUTORY
### CONTRACTS, (II) AUTHORIZING THE ABANDONMENT
### OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE
### AS OF THE REJECTION DATE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the rejection of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(i) certain unexpired leases (each, a "Lease," and collectively, the "Leases") for nonresidential real property located at the premises (collectively, the "Premises") set forth on **Exhibit 1** attached hereto and (ii) certain executory contracts (each, a "Contract," and collectively, the "Contracts," and together with the Leases, the "Agreements") set forth on **Exhibit 1** attached hereto, (b) authorizing the abandonment of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, each effective as of the Rejection Date; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the Northern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

2.      Each Lease and Contract set forth on **Exhibit 1** attached hereto is rejected effective as of the Rejection Date.

3.      The Debtors are authorized to abandon any Personal Property of their bankruptcy estates that may be located at the Premises, and all such property (the "Abandoned Property") is deemed abandoned, effective as of the Rejection Date; *provided, however*, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' Premises.  The applicable counterparty to each Lease may, in its sole discretion and without further notice or order of the Court, effectuate its rights and remedies with respect to such property, including without limitation the use or disposition of such property, without liability or further notice to the Debtors or third parties.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4.      Claims arising out of the rejection of the Agreements, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the date of entry of this Order.  Within one (1) business day after entry of this Order, the Debtors will serve this Order on the counterparties to each of the rejected Agreements.

5.      The rights of the counterparties to each Agreement to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.  Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally

3

identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

6. Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, Social Security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

7. Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease other than the Agreements by separate motion or pursuant to a chapter 11 plan.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. All rights and defenses of the Debtors and the counterparties to the Agreements are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.

10. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is

intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the rejection of the Agreements; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Aaron M. Kaufman (TX Bar No. 24060067) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Amber M. Carson (TX Bar No. 24075610) | Ross J. Fiedler (admitted *pro hac vice*) |
| 1601 Elm Street, Suite 4600 | 601 Lexington Avenue |
| Dallas, Texas 75201 | New York, New York 10022 |
| Telephone: (214) 954-4135 | Telephone: (212) 446-4800 |
| Facsimile: (214) 953-1332 | Facsimile: (212) 446-4900 |
| Email: jbrookner@grayreed.com | Email: joshua.sussberg@kirkland.com |
| akaufman@grayreed.com | ross.fiedler@kirkland.com |
| acarson@grayreed.com | |
| | -and- |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile (312) 862-2200 |
| | Email lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel for the Debtors* | *Proposed Co-Counsel for the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**Exhibit 1**

**Rejected Agreements[1]**

| # | Counterparty Name | Debtor Counterparty | Description of Agreement | Site ID(s) (Leases Only) | Rejection Date |
|---|---|---|---|---|---|
| 1 | Learfield Sports, LLC | Zips Car Wash, LLC | Marketing and Sponsorship Agreement Dated July 1, 2022 | | 2/5/2025 |
| 2 | Learfield Sports, LLC | Zips Car Wash, LLC | Amendment to Marketing and Sponsorship Agreement Dated July 1, 2022 | | 2/5/2025 |
| 3 | Velvet Malva, LLC | Zips Car Wash, LLC | Lease Agreement dated August 21, 2018 | 0402 - MOSTL_Watson | 3/31/2025 |
| 4 | Loehr Investments, Inc | Zips Car Wash, LLC | Lease Agreement dated October 14, 2015 | 0407 - MOELL_Manchester | 3/31/2025 |
| 5 | NM West Sunset, LLC | Zips Car Wash, LLC | Lease Agreement dated May 3, 2018 | 208 - ARSPR_E.Sunset | 2/5/2025 |
| 6 | Post Corporation | Zips Car Wash LLC | Land and Building Lease Agreement dated October 29, 2019 | 0500 - ILEDW_Troy | 3/31/2025 |

---

[1] For the avoidance of doubt, the Leases referenced herein include any amendments or modifications thereto.