John D. Cornwell
State Bar No. 24050450
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam St., Suite 800
Houston, TX 77002
Telephone: (713) 222-4066
E-mail: jcornwell@munsch.com

*Counsel to Rocket Properties Meridian, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re<br><br>ZIPS CAR WASH, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80069-mvl<br><br>(Jointly Administered) |

**ROCKET PROPERTIES MERIDIAN, LLC'S LIMITED OBJECTION
TO DEBTORS' PLAN SUPPLEMENT AND RESERVATION OF RIGHTS**

**[Relating to Docket No. 320]**

Rocket Properties Meridian, LLC ("Landlord"),[2] a creditor in the above jointly administered cases, pursuant to Section 365, files this limited objection (this "Limited Objection") to the Debtors' proposed cure amount set forth in their *Notice of Filing of Plan Supplement* [Docket No. 320] (the "Plan Supplement"),[3] and in support states as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Zipscarwash/.

[2] Landlord and four other affiliated landlords are landlords to debtor Zips Portfolio IV, LLC under five different leases for properties located in Boise, Idaho; Meridian, Idaho; Twin Falls, Idaho; Midvale, Utah; and South Jordan, Utah.

[3] The Debtors granted Landlord an extension through April 25, 2025 by which to file any objection.

ROCKET PROPERTIES MERIDIAN, LLC'S LIMITED OBJECTION
TO DEBTORS' PLAN SUPPLEMENT AND RESERVATION OF RIGHTS                                    PAGE 1

## BACKGROUND

### a. Procedural Background

1. On February 5, 2025 (the "Petition Date"), Zips Portfolio IV, LLC (the "Debtor") and its debtor affiliates (collectively, the "Debtors") commenced the above-captioned jointly administered cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

2. On April 4, 2025, the Debtors filed their Plan Supplement listing that certain Land and Building Lease Agreement dated November 30, 2021 (together with any and all amendments, addendums, exhibits, schedules, attachments, and other integrated documents, the "Lease Agreement")[4] between Landlord and the Debtor with respect to real property located at 1717 West Island Green Drive, Meridian, Idaho 83646 (the "Property") as one of the leases the Debtor intends to assume.

3. On April 9, 2025, Landlord filed its proof of claim no. 270 (together with the annex and all exhibits, the "Proof of Claim") in the total amount of $66,168.00, inclusive of rent, fees, costs, and other amounts owing by the Debtor pursuant to its rent and indemnification obligations to Landlord under Lease Agreement. The Proof of Claim is incorporated into and made a part of this Limited Objection.

4. On April 18, 2025, the Court entered its *Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Reorganization of Zips Car Wash, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket

---

[4] Capitalized terms not defined in this Limited Objection have the meaning given to them in the Lease Agreement. The Lease Agreement is voluminous and the Debtor is in possession of the Lease Agreement, a copy of which will be incorporated into and made a part of any witness and exhibit list and evidentiary presentation by Landlord.

No. 366], confirming the *Third Amended Joint Plan of Reorganization of Zips Car Wash, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 365] ("Plan").

### b. The Debtor's rent obligations under the Lease Agreement

5. Section 4 of the Lease Agreement obligates the Debtor to pay "Rent" comprised of Base Monthly Rent, Additional Rent, and other charges payable by the Debtor to Landlord under the Lease Agreement. The Debtor is in default of its pre-petition Rent obligations under the Lease Agreement in the amount of $7,580.06.

### c. The Debtor's indemnification obligations under the Lease Agreement

6. Section 11.1 of the Lease Agreement obligates the Debtor to indemnify, defend, protect, and hold harmless Landlord and others "from any and all loss, cost, damage, claim, expense and/or liability (including without limitation, court costs and reasonable attorneys' fees) incurred in connection with or arising at any time from any cause whatsoever in or about the Premises," including "any acts, omissions or negligence of Tenant" "incurred in connection with or arising from any claims by persons by reason of injury to persons. . . ."

7. On May 24, 2024, a lawsuit suit styled *Fisher v. Zips, et al.*, Case No. CV01-24-09064, was filed against the Debtor and Landlord in the Fourth Judicial District for the State of Idaho (the "State Court") for alleged injuries suffered at the Property leased by the Debtor (the "State Court Litigation"). A copy of the Complaint and Demand for Jury Trial (the "Complaint") commencing the lawsuit is attached to the Proof of Claim as Exhibit 2.

8. Plaintiff seeks damages "in excess of $10,000.00, but not more than $35,000.00," and attorneys' fees and costs. *See* Complaint ¶¶ 26, 31, 34, and 35. The Landlord disputes any liability associated with the allegations in the Complaint and asserts it is entitled to indemnification and reimbursement from the Debtor for all attorneys' fees and costs incurred in defense of the

claims and for the amount of any award. The Debtor and Landlord are separately represented in the State Court Litigation.

9. The Debtor's indemnification and reimbursement obligations to Landlord $31,168.00, and may exceed $66,168.00, as described below.

### d. The Unconditional Guaranty

10. The obligations under the Lease Agreement are guaranteed by debtor Zips Car Wash, LLC ("Guarantor") pursuant to an Unconditional Guaranty of Payment and Performance dated November 30, 2021 (the "Guaranty"), which is attached to the Proof of Claim as Exhibit 3.[5] The Lease Agreement provides that the Tenant's obligations under the lease "shall be guaranteed by Zips Car Wash, LLC," and thus the Guaranty is a required instrument to the Lease Agreement.

### e. Assumption of the Lease Agreement and Cure Amount

11. The Plan Supplement filed by the Debtors includes as Exhibit D(i) a schedule of assumed leases (the "Cure Schedule") together with proposed cure amounts. The Cure Schedule includes the Lease Agreement and a corresponding proposed cure amount of $7,580.06 (the "Proposed Cure Amount"). The Cure Schedule does not include assumption of the Guaranty.

## LIMITED OBJECTION

12. Landlord does not object to the proposed assumption of the Lease Agreement and concurs with that portion of the Proposed Cure Amount based on past-due rent; however, the Proposed Cure Amount is understated—it does not include the amounts owed or that may be owed to Landlord under the Lease Agreement pursuant to the Debtor's indemnification obligations.

13. Subject to court approval, a debtor may assume an unexpired lease pursuant to Section 365(a) of the Bankruptcy Code. A debtor must cure any existing defaults under an

---

[5] Landlord filed a substantially similar proof of claim against Guarantor at Claim No. 269.

unexpired lease prior to assumption. 11 U.S.C. § 365(b)(1); *See Placid Oil Co. v. Avalon Farm Inc. (In re Placid Oil Co.)*, 2022 WL 2048654, at *2 (Bankr. N.D. Tex. June 3, 2022); see also *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000). Here, the total cure amount owing to Landlord is not less than **$31,168.00**, and may exceed **$66,168.00**, comprised of $7,580.06 in Rent; $23,424.00 in prepetition Attorneys' Fees (which continue to accrue); $163.94 in costs; up to $35,000.00 as damages should the State Court award any to plaintiff[6]; and plaintiff's attorneys' fees should the State Court award plaintiff such fees. This includes those amounts actually incurred for which Landlord is entitled to reimbursement in connection with the State Court Litigation, and assurance that the Debtor (or any assignee under the Plan) will be responsible and liable for the payment of any post-assumption fees, costs, awards, and other amounts coming due under the Lease Agreement, even though they may relate to the pre-assumption period.

14.   All amounts due and owing to Landlord as of the effective date of the Plan must be paid in full, in cash, to assume the Lease Agreement as required by Bankruptcy Code Section 365(b)(1).

15.   Additionally, in order to assume the Lease Agreement, the Debtors (and specifically the Guarantor) must assume the Guaranty, which is a required instrument under the Lease Agreement.

**RESERVATION OF RIGHTS**

16.   Landlord reserves all rights as to the Debtor's assumption of the Lease Agreement and the associated cure amount, and further reserves the right to amend, modify, or supplement this Limited Objection. Landlord further incorporates by reference the reservations of rights

---

[6] Nothing herein should be interpreted as an admission of any liability with respect to Landlord or Debtor in the State Court Litigation. All statements regarding the litigation are only made to preserve rights under the Lease Agreement indemnification and pursuant to applicable bankruptcy and other relevant laws.

contained in the Proof of Claim. Nothing in this Limited Objection constitutes a waiver by Landlord of its rights under the Bankruptcy Code and Rules, or applicable non-bankruptcy law, or any of Landlord's procedural, substantive, or other rights, privileges, and remedies in connection with the Lease Agreement, all of which are reserved.

## CONCLUSION

In accordance with the Debtor's obligations under Section 365 of the Bankruptcy Code, Landlord respectfully requests that, as a condition to assumption of the Lease Agreement, the Court enter an Order (a) requiring the Debtor to pay Landlord the total pre-petition rent due and other amounts incurred by Landlord in connection with the State Court Litigation totaling $31,168.00, (b) ensuring the Debtor (or its assignee) will remain responsible and liable for indemnification and reimbursement obligations under the Lease Agreement in connection with the State Court Litigation, including the payment of any post-assumption fees, costs, awards, and other amounts coming due, even though they may relate to the pre-assumption period, (c) requiring the Guarantor assume the Guaranty, and (d) granting Landlord such other and further relief as this Court deems necessary and appropriate.

Dated: April 25, 2025                                **MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ John D. Cornwell*
    John D. Cornwell
    Texas Bar No. 24050450
    700 Milam Street, Suite 800
    Houston, TX 77002
    Telephone: (713) 222-1470
    jcornwell@munsch.com

*Attorneys for Rocket Properties Meridian, LLC*

OF COUNSEL:

Matthew J. Ochs
**HOLLAND & HART LLP**
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

*Attorneys for Rocket Properties Meridian, LL*

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for United States Bankruptcy Court for the Northern District of Texas.

/s/ *John D. Cornwell*
John D. Cornwell
Texas Bar No. 24050450