

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed May 12, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZIPS CAR WASH, LLC, *et al.*,[1] | ) | Case No. 25-80069 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 192] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Zips Car Wash, LLC (3045); Express Car Wash Holdings, LLC (6223); Zips 2900 Wade Hampton, LLC (N/A); Zips 3107 N. Pleasantburg, LLC (N/A); Zips 6050 Wade Hampton, LLC (N/A); Zips Operating Holdings, LLC (2161); Zips Portfolio I, LLC (9999); Zips Portfolio II, LLC (1864); Zips Portfolio III, LLC (N/A) and Zips Portfolio IV, LLC (N/A). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 8400 Belleview Drive, Suite 210, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 307] (the "Rejection Notice") satisfies the requirements set forth in the Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Agreements set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, that if any such Agreement is an unexpired lease of non-residential real property, the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (1) turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The applicable Agreement counterparty or counterparties may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3. Nothing in this order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's, first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

4. The rights of the counterparties to each Agreement to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims. Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon any personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or

any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

5.   If any affected Rejection Counterparty to an Agreement asserts a claim against the Debtors arising from the rejection of the Agreement, the Rejection Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (A) the Rejection Date, and (B) the date of entry of this Order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases. Within one (1) business day after entry of this Order, the Debtors will serve this Order on the counterparties to each of the rejected Agreements.

6.   Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), shall be deemed:  (a) an admission as to the amount, validity or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the rejection of the Agreements set forth in **Exhibit 1**; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any

5

claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an Agreement rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Agreement is terminated and is no longer an executory contract or unexpired lease, respectively.

8. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Aaron M. Kaufman (TX Bar No. 24060067) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Amber M. Carson (TX Bar No. 24075610) | Ross J. Fiedler (admitted *pro hac vice*) |
| 1601 Elm Street, Suite 4600 | 601 Lexington Avenue |
| Dallas, Texas 75201 | New York, New York 10022 |
| Telephone:   (214) 954-4135 | Telephone:   (212) 446-4800 |
| Facsimile:   (214) 953-1332 | Facsimile:   (212) 446-4900 |
| Email:   jbrookner@grayreed.com | Email:   joshua.sussberg@kirkland.com |
|          akaufman@grayreed.com |          ross.fiedler@kirkland.com |
|          acarson@grayreed.com | |
| | -and- |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile    (312) 862-2200 |
| | Email        lindsey.blumenthal@kirkland.com |
| *Co-Counsel for the Debtors* | *Co-Counsel for the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

7

**<u>Exhibit 1</u>**

**Rejected Agreements**

**Exhibit 1**

**Rejected Agreements**

| Debtor Counterparty | Rejection Counterparty | Rejection Counterparty Address | Description of Agreement[1] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|
| Zips Car Wash, LLC | Bronco Sports Properties LLC | Attn: General Counsel c/o Learfield Communications LLC PO Box 843038 Kansas City, MO 64184 | Marketing And Sponsorship Agreement, dated as of July 1, 2022 | N/A | 4/3/2025 |
| Zips Car Wash, LLC | JMIS Kentucky LLC | Attn: Contract Manager c/o UK Sports & Campus Marketing 546 E Main St, 1st Floor Lexington, KY 40508 | Athletics + Campus Sponsorship Agreement, as amended, dated as of July 1, 2022 | N/A | 4/3/2025 |
| Zips Car Wash, LLC | Playfly Sports Properties LLC | Attn: Risk Management 22 Cassatt Ave Berwyn, PA 19312 | Sponsorship Agreement, dated as of July 1, 2022 | N/A | 4/3/2025 |

---

[1] The inclusion of an Agreement on this list does not constitute an admission as to the executory or non-executory nature of the Agreement, or as to the existence or validity of any claims held by the counterparty or counterparties to such Agreement.